UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>Dragan Micic,<br><br>　　　　　　　　　　Debtor.<br>―――――――――――――――――<br>Tomasz Markut,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>Dragan Micic,<br><br>　　　　　　　　　　Defendant. | Chapter 7<br>Bankruptcy No. 19 BK 10717<br>Honorable Judge Jack B. Schmetterer<br><br>Adversary No. 19 AP 00887 |

## MEMORANDUM OPINION ON MOTION TO DISMISS [DKT. NO. 5]

Dragan Micic (the "Defendant") moved to dismiss the adversary proceeding filed by Tomasz Markut (the "Plaintiff"). For reasons articulated below, Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Federal Rule of Bankruptcy Procedure 7012 (the "Motion to Dismiss") will be **DENIED** by separate order to be entered concurrently herewith.

## BACKGROUND

### A. History

On December 11, 2017, Plaintiff filed a complaint in the state Circuit Court of Cook County, Illinois seeking damages against Defendant as the result of an alleged altercation that occurred between the parties on December 11, 2015 (the "State Court Action"). [Dkt. Nos. 1, 5 & 9]. Before a judgment was entered in the State Court Action, on April 12, 2019, Defendant filed for Chapter 7 bankruptcy (the "Bankruptcy"), which stayed the State Court Action. [Bankr. No. 19-10717, Dkt. No. 1].

On August 6, 2019, Plaintiff filed the instant adversary case. [Dkt. No. 1]. In the complaint (the "Complaint"), Plaintiff alleges that Defendant intentionally, willfully, and maliciously caused

1

injuries to Plaintiff and seeks a determination of nondischargeability for Defendant's debt[1] to Plaintiff under 11 U.S.C. § 523(a)(6).[2] [Dkt. No. 1].

On August 7, 2019, a Discharge Order was entered in the Bankruptcy. [Bankr. No. 19-10717, Dkt. No. 31]. On August 9, 2019, Plaintiff filed a Motion to Modify the Discharge Injunction (the "Motion to Modify"). [Bankr. No. 19-10717, Dkt. No. 32]. In the Motion to Modify, Plaintiff sought to modify Defendant's discharge injunction to resume the State Court Action it had commenced against Plaintiff, stating that it would prosecute the negligence count of the action only to the extent that recovery for such alleged negligent conduct is covered by Defendant's home insurance proceeds. [Bankr. No. 19-10717, Dkt. No. 32]. On August 15, 2019, an Order was entered modifying the discharge injunction and allowing Plaintiff to resume the State Court Action to establish Defendant's liability for negligence and for recovery of damages to the extent insurance proceeds cover such damages (the "Modification Order"). [Bankr. No. 19-10717, Dkt. No. 35].

On August 29, 2019, in the adversary proceeding, Defendant filed the present Motion to Dismiss. [Dkt. No. 5]. In the Motion to Dismiss, Defendant argues that Plaintiff's Complaint fails sufficiently to plead a cause of nondischargeability. Specifically, Defendant contends that Plaintiff fails to satisfy both steps of determining nondischargeability, which requires: (1) the establishment of a debt under applicable non-bankruptcy law; and (2) the established debt being within one of the categories enumerated in 11 U.S.C. § 523. *See In re Salvino*, 373 B.R. 578 (Bankr. N.D. Ill. 2007), *aff'd sub nom. Wish Acquisition, LLC v. Salvino*, No. 07C4756, 2008 WL 182241 (N.D. Ill. Jan. 18, 2008). First, Defendant avers that Plaintiff cannot establish a debt because no judgment has yet been entered in the State Court Action. Second, Defendant argues that Plaintiff cannot establish that his willful and malicious injury claim falls under one of the listed categories of 11 U.S.C. § 523(a)(6) because Plaintiff previously stated in his Motion to Modify that his claim is based only in negligence.[3] Furthermore, Defendant claims that the assault claim was dismissed by

---

[1] Defendant's "debt" to Plaintiff is stated as damages suffered from injuries willfully and maliciously caused by Defendant to Plaintiff which "have not yet been liquidated." [Dkt. No. 1].
[2] The Complaint also attached a copy of the State Court Action complaint as an exhibit.
[3] Defendant's argument seems to be based in a form of estoppel. However, Defendant does not provide any authority in support of his argument and does not develop this line of argument in the Motion to Dismiss.

2

the State Court Action, and Defendant asserts that the negligence and breach of contract claims are dischargeable as they are not within the scope of 11 U.S.C. § 523(a)(6).[4]

On September 19, 2019, Plaintiff filed a Response to the Motion to Dismiss (the "Response"). [Dkt. No. 9]. In the Response, Plaintiff argues that his Complaint has pled sufficient facts to survive a Motion to Dismiss. Namely, Plaintiff asserts that he has met the three elements of nondischargeability under 11 U.S.C. § 523(a)(6): (1) an injury caused by the debtor; (2) willfully; and (3) maliciously. *See First Weber Grp., Inc. v. Horsfall*, 738 F.3d 767, 774 (7th Cir. 2013). Plaintiff avers that here all the elements were met: (1) an injury was caused as Defendant violated Plaintiff's legal rights; (2) Defendant's acts of shoving and striking Plaintiff were intentional and therefore willful; and (3) maliciousness was present and realized from Defendant's traditional tort of battery. Moreover, Plaintiff argues that Defendant's Motion to Dismiss improperly relies on documents that was neither referenced nor part of the Complaint.[5]

Furthermore, Plaintiff argues that Defendant's affirmative defense of estoppel is improper as it should be properly raised in a responsive pleading and not in a motion to dismiss. Moreover, Plaintiff asserts that even if a doctrine of estoppel such as mend the hold or judicial estoppel is applicable, it fails. Namely, Plaintiff contends that the doctrine of mend the hold only applies to a party in a contract suit and not a tort suit. *See Harbor Ins. Co. v. Continental Bank Corp.*, 922 F.2d 357, 362 (7th Cir. 1990). In addition, Plaintiff argues that the doctrine of judicial estoppel is inapplicable as: (1) it only applies to the same proceeding, whereas here the adversary is a separate proceeding from the bankruptcy; (2) Plaintiff's position in the Motion to Modify is not inconsistent with his position in the adversary (as he never alleged that no intentional tort occurred nor that he would not proceed under an alternative theory of recovery); and (3) Plaintiff did not obtain an unfair advantage nor mislead the Court as he filed the adversary prior to the Motion to Modify. Additionally, Plaintiff argues that the assault claim was only stricken from the title of the claim and not from the complaint altogether and therefore does not affect the substantive allegations or

---

[4] Plaintiff's Complaint makes no reference to any determinations of nondischargeability for such stated negligence or breach of contract claims. Those counts are instead simply referenced in Exhibit A of the Complaint, the State Court Action complaint.

[5] The Motion to Dismiss referenced the Motion to Modify and included an (illegible) order from the State Court Action purporting to strike the assault claim from the state court complaint.

3

the underlying prayer of relief.[6] In the alternative, Plaintiff argues that even if the allegations of physical assault were stricken, *res judicata* is not applicable for dischargeability actions.

On September 21, 2019, Defendant filed a Reply to Plaintiff's Response (the "Reply"). [Dkt. No. 11]. In the Reply, Defendant argues that the law of the case doctrine precludes a determination of nondischargeability as the Modification Order only allowed "[Plaintiff] to resume his cause of action for negligence against [Defendant]" based on statements made by Plaintiff that it would only prosecute the negligence count. [Dkt. No. 11].

Additionally, Defendant avers that while the Court has subject matter jurisdiction to determine whether the debt is nondischargeable, the Court lacks jurisdiction to determine the merits of or liquidate the personal injury claim under 28 U.S.C. § 157(b)(5). Defendant further argues that the doctrine of equitable estoppel precludes Plaintiff from pursuing the willful and malicious claim as Plaintiff previously represented that he was only seeking to pursue the negligence action, Defendant relied on the representation, and Defendant changed its position based on Plaintiff's representations.

## JURISDICTION AND VENUE

Subject matter jurisdiction lies under 28 U.S.C. § 1334. "[A] court's subject-matter jurisdiction defines its power to hear cases." *Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553, 560 (2017). "Only Congress may determine a lower federal court's subject-matter jurisdiction." *Kontrick v. Ryan*, 540 U.S. 443, 452 (2004); U.S. Const., Art. III, § 1. "Congress did so with respect to bankruptcy courts in Title 28 (Judiciary and Judicial Procedure)." *Id.* At 453; *see also* 28 U.S.C. § 157(b)(1) and (b)(2)(I) and (J). The district court may refer bankruptcy proceedings to a bankruptcy judge under 28 U.S.C. § 157, and this proceeding was thereby referred here by Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue lies under 28 U.S.C. § 1409. In 28 U.S.C. § 157(b), Congress specifically delineated proceedings that the bankruptcy judges may hear and determine. 28 U.S.C. § 157(b). Bankruptcy judges have subject matter jurisdiction to hear core proceedings. 28 U.S.C. § 157(b)(1).

A determination of a dischargeability of any debt owed is a core proceeding. Bankruptcy courts have jurisdiction to make "determinations as to the dischargeability of particular debts." 28

---

[6] In support of this claim, Plaintiff attached a legible version of the order from the State Court Action purporting to strike the assault claim.

4

U.S.C. § 157(b)(2)(I). This is so since determining dischargeability is necessary to administer the bankruptcy estate. *Stern v. Marshall,* 564 U.S. 462, 498 (2011).

Defendant acknowledges that bankruptcy courts have subject matter jurisdiction to determine whether a debt is nondischargeable. But, in the Reply, Defendant challenges the bankruptcy court's authority to determine the merits of, or to liquidate, the personal injury claim in this case. Defendant argues that subject matter jurisdiction is withheld from bankruptcy courts to liquidate personal injury and wrongful death claims. *See* 28 U.S.C. § 157(b)(5) ("The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.").

In this case, Plaintiff is not pursuing a money judgment for the nondischargeable debt. Rather, Plaintiff's Complaint simply seeks a determination of nondischargeability, which is clearly within the bankruptcy court's jurisdiction and authority. Thus, subject matter jurisdiction lies under 28 U.S.C. § 157(b)(2)(I) to determine this matter. So, this case may determine whether any judgment entered in the State Court Action may be dischargeable.

## DISCUSSION

### A. Sufficiency of the Pleadings

Rule 12(b)(6) permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted.[7] FED. R. CIV. P. 12(b). A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint rather than the merits of the case. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). "The consideration of a [Rule] 12(b)(6) motion is restricted solely to the pleading, which consist generally of the complaint, any exhibits attached thereto, and supporting briefs." *Thompson v. Illinois Dep't of Prof'l Regulation,* 300 F.3d 750, 753 (7th Cir. 2002). To survive a Rule 12(b)(6) motion, a complaint must clear two "easy-to-clear hurdles" of Rule 8(a), which lists certain requirements that a pleading must contain.[8] *EEOC v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776 (7th Cir. 2007).

---

[7] Federal Rules of Civil Procedure Rule 12 is made applicable to this adversary matter by Federal Rules of Bankruptcy Procedure 7012. FED. R. BANKR. P. 7012 ("F. R.Civ.P. Rule 12(b)–(i) F.R.Civ.P. applies in adversary proceedings.").

[8] Federal Rules of Civil Procedure Rule 8 is made applicable to this adversary matter by Federal Rules of Bankruptcy Procedure 7008. FED. R. BANKR. P. 7008(a) ("Rule 8 F.R.Civ.P. applies in adversary proceedings.").

First, the complaint must contain enough factual detail to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Plaintiff must plead some facts to support the claim. *McCauley v. City of Chicago*, 671 F.3d 611, 616–17 (7th Cir. 2011). But, Rule 8(a) only requires "a short and plain statement of the claim showing that the plaintiff is entitled to relief." FED. R. CIV. P. 8(a)(2).

Second, the complaint's allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Concentra Health*, 496 F.3d at 776. Usually, motions to dismiss pursuant to Rule 12(b)(6) raise allegations that a complaint fails to meet the "plausibility" pleading standard of Rule 8(a). *See generally Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 556. The plausibility standard "is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678 (internal citations omitted). To establish plausibility, a plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

In a Rule 12(b)(6) motion, all well-pleaded allegations of the complaint are assumed true and read in the light most favorable to the plaintiff. *Levy v. Pappas*, 510 F.3d 755, 764 (7th Cir. 2007). Dismissal is improper if the complaint contains allegations from which a trier of fact may reasonably infer that proof will be available at trial. *Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund*, 25 F.3d 417, 421 (7th Cir. 1994).

### B. Nondischargeability under 11 U.S.C. § 523(a)(6)

To except debts from discharge, plaintiff must establish: (1) a claim giving rise to a debt under applicable non-bankruptcy law; and (2) the established claim falling within one of the enumerated categories of 11 U.S.C. § 523(a). *See Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 20–21 (2000) ("The 'basic federal rule' in bankruptcy is that state law governs the substance of claims); 11 U.S.C. § 523(a). Plaintiff must prove each element of a claim by a preponderance of evidence. *Grogan v. Garner*, 498 U.S. 279, 287–88 (1991).

6

11 U.S.C. § 523(a)(6) excepts from discharge "any debt—for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). A claim under 11 U.S.C. § 523(a)(6) has three elements: (1) debtor caused an injury; (2) debtor's actions were willful; and (3) debtor's actions were malicious. *First Weber*, 738 F.3d at 774. An injury is defined as "a violation of another's legal right, for which the law provides a remedy." *Id.* (internal citations omitted). The willfulness element is met if both the action and the resulting injury are intended by the debtor. *Id.* Maliciousness requires that the debtor acted in "conscious disregard of his duties or without just cause or excuse; it does not require ill-will or specific intent to do harm." *Id.* (quoting *Matter of Thirtyacre*, 36 F.3d 697, 700 (7th Cir. 1994).

Plaintiff has not yet obtained a judgment against Defendant in the State Court Action before it was stayed. Consequently, it must first be determined whether Defendant owes a "debt" to Plaintiff. If so, it must then be determined whether Plaintiff's Complaint sufficiently pleads a cause of nondischargeability under 11 U.S.C. § 523(a)(6).

### C. Plaintiff's Debt, While Contingent and Unliquidated, is Nonetheless Valid

Plaintiff's claims are based in Illinois state law. Defendant does not dispute that Plaintiff has a valid claim under applicable non-bankruptcy law. Rather, Defendant argues that Plaintiff has failed to establish a debt because no judgment has yet been entered in the State Court Action. Defendant is mistaken. The relevant test is not whether a supposed claim was reduced to judgment pre-petition. Instead, the issue is whether Plaintiff has established a claim giving rise to a debt under applicable Illinois law.

Indeed, Plaintiff holds a valid debt regardless of whether the claim is not yet liquidated. The Bankruptcy Code defines "debt" as "liability on a claim." 11 U.S.C. § 101(12). Therefore, "debt" and "claim" are two sides of the same coin. In turn, the term "claim" is defined broadly as the "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured." 11 U.S.C. § 101(5)(A). This definition is designed to ensure that "all legal obligations of the debtor, no matter how remote or contingent, [can] be dealt with in the bankruptcy case. It permits the broadest possible relief in the bankruptcy case." *Owens v. LVNV Funding, LLC*, 832 F.3d 726, 734 (7th Cir. 2016) (quoting H.R. Rep. No. 95-595, at 309).

Therefore, the all-encompassing definition of the term "claim" under the Bankruptcy Code includes claims that are contingent. "A 'contingent' claim is one conditioned upon some future

7

event that is uncertain." *Saint Catherine Hosp. of Indiana, LLC v. Indiana Family & Soc. Servs. Admin.*, 800 F.3d 312, 317 (7th Cir. 2015) (citation omitted). "Contingent" means "'[p]ossible but not assured; doubtful or uncertain; conditioned upon some future event which is itself uncertain or questionable . . . it implies that no present interest exists, and that whether such interest or right will ever exist depends upon a future uncertain event.'" *Matter of Rosteck*, 899 F.2d 694, 697 (7th Cir. 1990) (quoting *Grady v. A.H. Robins Co.*, 839 F.2d 198, 202 (4th Cir. 1988)).

Here, Plaintiff's state law claims currently remains unliquidated. Plaintiff's claim in the Bankruptcy based on the underlying State Court Action is therefore contingent upon a judgment entered in his favor in the State Court Action. However, the mere fact that Debtor's claim was conditional and not yet reduced to judgment at the time Plaintiff filed his bankruptcy petition does not prevent it from being a valid debt within the broad meaning of the Bankruptcy Code. Plaintiff's contingent claim is a debt nonetheless. Therefore, Plaintiff holds a "debt" as defined under the Bankruptcy Code that may be nondischargeable if it lies within one of the enumerated categories of 11 U.S.C. § 523(a).

### D. Plaintiff's Pleadings Has Sufficiently Pled a Case of Nondischargeability

Plaintiff's claim is based on his state law claims against Defendant in the State Court Action, which sound in part in intentional torts (for assault and battery) and in part in non-intentional torts (negligence and breach of contract). Plaintiff's Complaint seeks a determination of nondischargeability under 11 U.S.C. § 523(a)(6).

Admittedly, the Complaint fails to adequately list out which claim Plaintiff asserts he is entitled to relief under. However, Defendant argues, and Plaintiff does not dispute, that the negligence and breach of contract claims are not within the scope of 11 U.S.C. § 523(a)(6). Indeed, they are not. *See Kawaauhau v. Geiger*, 523 U.S. 57, (1998) (only intentional torts can potentially meet the requirements for a willful and malicious injury under 11 U.S.C. § 523(a)(6)). While the Complaint does not express which state law claim Plaintiff is proceeding under, it is assumed only for the purposes of this Motion to Dismiss that Plaintiff's claim is based only in battery as the Complaint emphasizes the physical altercation. Specifically, Plaintiff's Complaint states that "Defendant physically attacked Plaintiff . . . shoved Plaintiff in the chest and using his forehead made contact with the Plaintiff's head and face ["headbutted"]." [Dkt. No. 1].

Here, Plaintiff's pleadings suffice to survive a Rule 12(b)(6) motion. The Complaint alleges a confrontation between Plaintiff and Defendant over the parking of Plaintiff's vehicle that

8

led to unjustified physical attack by Defendant and subsequent injuries suffered by Plaintiff. Read in the light most favorable to the Plaintiff, and assuming that Plaintiff's well-pleaded allegations are true for the purposes of the Rule 12(b)(6) motion, the Complaint states plausibly that Defendant's actions caused injury to Plaintiff, were committed intentionally, and were done in conscious disregard of duties owed to Plaintiff.

Therefore, any recovery on those alleged claims may constitute a nondischargeable debt for willful and malicious injury under 11 U.S.C. § 523(a)(6). Because the complaint contains allegations from which a trier of fact may reasonably infer that proof of the altercation will be available at trial, Plaintiff has met his burden of demonstrating facial plausibility.

### E. Defendant's Defenses are Improperly Asserted in the Pending Motion to Dismiss

Defendant has made a variety of defenses in the Reply. Specifically, Defendant argues dismissal is appropriate based on the law of the case doctrine and the doctrine of equitable estoppel. Defendant's defenses to the Motion to Dismiss will not now be considered as they have not been properly raised. Rule 12(b) requires defenses to a claim for relief to be asserted in a responsive pleading, with limited exceptions. FED. R. CIV. P. 12(b) ("[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required"). Equitable estoppel and law of the case are not listed as defenses that can be asserted by motion. Therefore, these defenses in the Motion to Dismiss are improper and should be properly asserted in Defendant's Answer to the Complaint instead.

## CONCLUSION

Plaintiff's claim, while unliquidated, is nonetheless a valid debt under the Bankruptcy Code and may well fall within 11 U.S.C. § 523(a)(6) if the required elements are proven. Plaintiff's pleadings are sufficient to survive a Rule 12(b)(6) motion. Accordingly, the Motion to Dismiss will be **DENIED** by separate order entered concurrently herewith.

Given the limitations on the bankruptcy court's subject matter jurisdiction that prohibit the bankruptcy court from liquidating Plaintiff's state law personal injury tort claims, the evidence presented in this adversary is to be limited to the determination of a debt and whether that debt occurred by a willful and malicious injury. Should Plaintiff prevail on determination of nondischargeability, the liquidation of damages is to be reserved to the State Court Action (or the parties may forthwith move to withdraw the district court's reference of this matter under 28 U.S.C.

§ 157(d) in order for the district court to assess the Debtor's potential liability and award appropriate damages).

ENTER:

_____
Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 14 day of November 2019