IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DRAGAN MICIC, | ) | Case: 19-bk-10717 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| TOMASZ MARKUT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case: 19-ap-887 |
| | ) | |
| DRAGAN MICIC, | ) | Judge Jack Schmetterer |
| | ) | |
| Defendant. | ) | |

**<u>FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT</u>**

NOW COMES, the Defendant-Debtor, Dragan Micic, by and through his attorneys, Anthony J. Peraica & Associates, Ltd., answers and provides his affirmative defenses to Plaintiff Markut's Complaint and states as follows:

**<u>Preliminary Statement</u>**

1. This is a complaint for determination of dischargeability of a debt pursuant to 11 U.S.C. §523(a)(6) and F. R. Bankr. P. 7001.

ANSWER:    Defendant admits Plaintiff alleges to bring a complaint for determination of dischargeability but demands strict proof thereof.

**<u>Jurisdiction and Venue</u>**

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334, in that this action arises in and relates to the bankruptcy case, *In re Micic*, 19 B 10717 (the "Bankruptcy Case") pending before this Court.

1

ANSWER: Defendant admits that this Court has jurisdiction limited to dischargeability over this adversary proceeding but denies that this Court has subject matter jurisdiction over the underlying claim.

3. Venue is proper in this district under 28 U.S.C. §1409(a).

ANSWER: Admit.

4. Plaintiff consents to entry of final orders or judgments by the bankruptcy court.

ANSWER: Defendant can neither admit nor deny what Plaintiff "consents to" but demands strict proof thereof.

## Parties

5. Tomasz Markut, the plaintiff ("Plaintiff"), is a creditor in the Bankruptcy Case and an individual who resides in Cook County, Illinois.

ANSWER: Defendant admits that he listed Markut as a creditor in his Bankruptcy Case and that Markut lives in Cook County, Illinois but Defendant denies all remaining allegations.

6. Defendant, Dragan Micic ("Defendant"), is the debtor in the Bankruptcy Case, and an individual who resides in Cook County, Illinois.

ANSWER: Admit.

## Statement Of Facts

7. On or about December 11, 2015, at approximately 8:10 a.m., Plaintiff was lawfully upon the sidewalk abutting the address commonly known as 4849 N. Natchez Ave., Chicago, IL 60656, in the City of Chicago, Cook County, Illinois.

ANSWER: Defendant can neither admit nor deny that "Plaintiff was lawfully upon the sidewalk" as this calls for a legal conclusion. To the extent that an answer is required, Defendant denies the allegations contained in paragraph 7.

8. On or about the same date and time Defendant was also present in the area of 4849 N. Natchez Ave., Chicago, IL 60656.

ANSWER: Defendant denies the allegations contained in paragraph 8 and demands strict proof thereof.

9. On information and belief Defendant resided at the property.

ANSWER: Admit.

10. At all relevant times the Plaintiff was the neighbor of the Defendant.

ANSWER: Defendant can neither admit nor deny "at all relevant times". To the extent that an answer is required, Defendant denies the allegations contained in paragraph 10 and demands strict proof thereof.

11. Defendant confronted Plaintiff and complained about the location of Plaintiff's vehicle which was legally parked upon the public way.

ANSWER: Defendant can neither admit nor deny that "Plaintiff's vehicle []was legally parked upon the public way" as this calls for a legal conclusion. To the extent that an answer is required, Defendant denies the allegations contained in paragraph 11.

12. During the confrontation Defendant physically attacked Plaintiff.

ANSWER: Defendant can neither admit nor deny as this calls for a legal conclusion. To the extent that an answer is required, Defendant denies the allegations contained in paragraph 12.

13. Defendant shoved Plaintiff in the chest and using his forehead made contact with the Plaintiff's head and face.[1]

ANSWER:  Defendant denies the allegations contained in paragraph 13 and demands strict proof thereof. Defendant further denies the statement in footnote 1.

14. Plaintiff did not want nor invite the physical attacks.

ANSWER:  Defendant denies the allegations contained in paragraph 14 and demands strict proof thereof.

15. As a direct and proximate result of Defendant's physical attacks, Plaintiff suffered bodily injuries including, but not limited to, injuries to his neck, head, teeth, gums, face and nose.

ANSWER:  Defendant denies the allegations contained in paragraph 15 and demands strict proof thereof.

16. Damages for the injuries Defendant caused to Plaintiff have not yet been liquidated.

ANSWER:  Defendant admits that there is no adjudication of damages and denies the remaining allegations contained in paragraph 16 and demands strict proof thereof.

17. However, on December 11, 2017, Plaintiff filed a complaint seeking damages against Defendant in the Circuit Court of Cook County, County Department, Law Division, captioned *Tomasz Markut v. Dragan Micic*, and assigned Case No. 2017 L 012602. Please see the state court complaint attached as Exhibit "A".

ANSWER:  Defendant admits that a complaint was filed in the Circuit Court of Cook County but Defendant denies all other allegations contained in paragraph 13, denies the allegations contained in Exhibit A and demands strict proof thereof.

---

[1] Defendant "headbutted" Plaintiff.

4

18. Defendant's bankruptcy stayed the state court action.

ANSWER:   Admit.

19. Illinois statute provides that "(a) A person commits battery if he or she knowingly without legal justification by any means (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." 720 ILCS 5/12-3.

ANSWER:   Defendant can neither admit nor deny as this allegation is a statement of law and calls for a legal conclusion. The extent that an answer is required, Defendant denies the allegations contained in paragraph 19.

20. Defendant knowingly without legal justification caused bodily harm to Plaintiff.

ANSWER:   Defendant can neither admit nor deny as this allegation as it calls for a legal conclusion. The extent that an answer is required, Defendant denies the allegations contained in paragraph 20.

21. Defendant knowingly and without legal justification made physical contact of an insulting or provoking nature with Plaintiff.

ANSWER:   Defendant can neither admit nor deny as this allegation as it calls for a legal conclusion. The extent that an answer is required, Defendant denies the allegations contained in paragraph 21.

### Determination of Dischargeability -- § 523(a)(6)

22. Defendant caused Plaintiff's injuries.

ANSWER:   Defendant denies the allegations contained in paragraph 22 and demands strict proof thereof.

23. Defendant intended to cause Plaintiff's injuries.

ANSWER:   Defendant denies the allegations contained in paragraph 23 and demands strict proof thereof.

24. Defendant acted willfully in causing Plaintiff's injuries.

ANSWER:   Defendant can neither admit nor deny as this allegation as it calls for a legal conclusion. The extent that an answer is required, Defendant denies the allegations contained in paragraph 24.

25. Defendant acted maliciously in causing Plaintiff's injuries.

ANSWER:   Defendant can neither admit nor deny as this allegation as it calls for a legal conclusion. The extent that an answer is required, Defendant denies the allegations contained in paragraph 25.

26. In causing Plaintiff's injuries, Defendant acted in conscious disregard of his duties.

ANSWER:   Defendant can neither admit nor deny as this allegation as it calls for a legal conclusion. The extent that an answer is required, Defendant denies the allegations contained in paragraph 26.

27. In causing Plaintiff's injuries, Defendant acted without just cause or excuse.

ANSWER:   Defendant can neither admit nor deny as this allegation as it calls for a legal conclusion. The extent that an answer is required, Defendant denies the allegations contained in paragraph 28.

WHEREFORE, the Defendant respectfully requests that this Honorable Court deny the Plaintiff's adversary complaint and dismiss this case with prejudice.

## AFFIRMATIVE DEFENSES

### 1. Court Lacks Subject-Matter Jurisdiction

The bankruptcy court lacks subject matter jurisdiction to determine the merits of or liquidate the personal injury claim. *In re Passialis*, 292 B.R. 346, 348 (2003). "The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending." 28 U.S.C. §157(b)(5). Under 28 U.S.C. §157(b)(5), a personal injury tort cannot be tried or liquidated by the bankruptcy court. *In re Passialis*, 292 B.R. 346, 348 (2003); *In re Smith*, 379 B.R. 315, 330 (2007).

### 2. Law Of The Case

Law of the case is "a rule of practice, based on sound policy that when an issue is once litigated and decided, that should be the end of the matter." *Barrett v. Baylor,* 457 F. 2d 119, 123 (7th Cir. 1972) (citing *United States v. United States Smelting, Refining & Mining Co.*, 339 U.S. 186, 198, 70 S.Ct. 537, 544 (1950)); *Bay State Milling Co. v. Martin (In re Martin),* 142 B.R. 260, 264 (Bankr. N.D. Ill. 1992) ("a decision made at one stage of a proceeding should continue to govern the same issues in subsequent stages of the same proceeding"). Law of the case applies to issues decided by necessary implication as well as explicitly. *See, e.g., Heathcoat v. Potts,* 905 F. 2d 367, 370 (11th Cir. 1990); *Morrow v. Dillard,* 580 F. 2d 1284, 1290 (5th Cir. 1978); *Citibank, N.A. v. Williams (In re Williams),* 190 B.R. 728, 736 (D.R.I. 1996); *Shimer v. Fugazy (In re Fugazy),* 159 B.R.432, 438 (Bankr. S.D.N.Y. 1993); *Bay State Milling Co. v. Martin (In Re Martin),* 142 B.R. 260, 264 (Bankr. N.D. Ill. 1992); *McDonough v. Plaistow Cooperative Bank (In Re McDonough),* 166 B.R. 9, 13 (Bankr. D. Mass 1994).

In the bankruptcy context, the word "case" is a term of art which refers to "that which is commenced by the filing of a petition; it is the 'whole ball of wax,' the chapter 7, 9, 11, 12 or 13 case." 5 Collier on Bankruptcy ¶ 1109.02[4] (Lawrence P. King, ed., 15th ed. 1996). "Bankruptcy case" refers to the entire legal action in bankruptcy. It is the widest term functionally. The term "proceeding," by contrast, refers to any sub-action raised or commenced within the case, including motions or adversary proceedings, which may raise a disputed or litigated matter. 2 Collier On Bankruptcy ¶ 301.03 (Lawrence P. King, ed., 15th ed. 1996). The Seventh Circuit has stated that "[a]dversary proceedings in bankruptcy are not distinct pieces of litigation; they are components of a single bankruptcy case." *Cohen v. Bucci*, 905 F.2d 1111, 1112 (7th Cir.1990). See also, *Blevins Electric, Inc. v. First Am. Nat'l Bank (In re Blevins Electric, Inc.)*, 185 B.R. 250, 254 (Bankr.E.D.Tenn.1995) ("'[C]ase' ... in the bankruptcy context, refers not only to that which is commenced by the filing of a petition, but also to all proceedings arising therein."); *Spencer v. Shearer (In re Shearer)*, 167 B.R. 153, 156 n. 1 (Bankr.W.D.Mo.1994) ("'[C]ase' in Bankruptcy is commenced by the debtor's filing of a bankruptcy petition, and any subsequent litigation ... is simply a part of the case as a whole."); *Berge v. Sweet (In re Berge),* 37 B.R. 705, 706 (Bankr.W.D.Wisc.1983) ("A bankruptcy 'case' commences with the filing of a petition (citations omitted) and may include a number of adversary proceedings.").

In the case at hand, the Court has already made determinations with regard to Plaintiff's claims. The adversary complaint is based upon an unliquidated alleged personal injury claim. On August 15, 2019, the Court modified the discharge order "to allow Creditor to resume his cause of action **for negligence** against the Debtor". Docket No. 35, under Bankruptcy Case No. 19-10717. The modification was based upon Plaintiff's statements in its motion to modify that:

8

> 8. Although the State Court Complaint consists of multiple counts . . . Creditor will only prosecute the count arising out of Debtor's negligence because upon information and belief, damages for Debtor's negligent conduct may be covered by his home insurance policy.
> 9. Creditor will only prosecute the Negligence Cause of Action to the extent insurance proceeds are available to compensate Creditor for his injuries and damages, and to establish Debtor's liability for negligence.

Plaintiff's Motion to Modify, Docket No. 32, under Bankruptcy Case No. 19-10717. Furthermore, the relief requested by the Plaintiff re-iterated that he sought to "allow creditor to resume prosecuting the Negligence Cause of Action of the State Court Complaint for the limited purpose of establishing Debtor's liability for negligence". *Id*.

The law of the case precludes Plaintiff from changing directions and asserting claims that he has already advised the Court that he will not pursue. For these reasons, Plaintiff's adversary complaint should be dismissed.

### 3. Election of Remedies

The election of remedies doctrine applies where a plaintiff elects inconsistent remedies for the same injury. The rule provides that the prosecution of one remedy to judgment bars a second action stemming from the same transaction based on an inconsistent theory. Illinois courts confine the election of remedies rule to situations where (1) double compensation for the plaintiff is threatened, (2) defendant has been misled by the plaintiff's conduct in choosing one remedy over another, or (3) where res judicata applies (final judgment on the merits, same parties, same cause of action).

The election of remedies rule bars a plaintiff from recovering on one theory in a case and then later seeking a different remedy in a second case based on the same facts (as the first case). In the matter at hand, Markut has elected to pursue the matter against the defendant-debtor as a

negligence action. Plaintiff Markut should be precluded in seeking the same damages based on the same facts under an intentional tort or contract theory.

### 4. Waiver

The Adversary Complaint is barred, in whole or in part, by the doctrine of waiver. Plaintiff Markut has asserted that he is only going to pursue negligence claims against the Defendant-Debtor, thereby waiving his right to pursue other causes of action, including intentional torts.

### 5. Defense of Person

Plaintiff approached Defendant in an aggressive and hostile manner before the alleged confrontation, invaded Defendant's personal space, and initiated physical contact with Defendant. Defendant reasonably believed that the use of force against Plaintiff was necessary to defend himself against Plaintiff's imminent use of unlawful force. Defendant was justified in the use of force to defend himself.

### 6. Defense of Dwelling

Plaintiff entered upon Defendant's real property in an aggressive and hostile manner before the alleged confrontation and initiated physical contact with Defendant. Defendant reasonably believed that the use of force against Plaintiff was necessary to prevent or terminate Plaintiff's unlawful entry into or attack upon his dwelling. Defendant was justified in the use of force to defend his dwelling. 720 ILCS 5/7-2(a)

### 7. Contributory Negligence by Plaintiff Tomasz Markut

Plaintiff had a duty, before and at the time of the occurrence, to use ordinary care for his own safety. Plaintiff was aware that Defendant was already highly upset with the Plaintiff prior to their encounter in light of prior irate communications between them and had knowledge of

Defendant's temperament by virtue of their prior irate interactions. In spite of this knowledge, Plaintiff confronted Defendant in a hostile and aggressive manner at Defendant's home and initiated the alleged physical altercation. In doing so, Plaintiff failed to use ordinary care for his own safety, and his failure to use such ordinary care was the proximate cause of Plaintiff's alleged injuries.

Plaintiff's contributory negligence is more than 50% of the total proximate cause of his injury and damages, and therefore Plaintiff is barred from recovery. In the alternative, Plaintiff's contributory negligence should be reduced in proportion to the amount of his negligence.

**8. Assumption of Risk**

Plaintiff knowingly entered upon Defendant's property without invitation or justification. At that time, Plaintiff was aware that Defendant was already highly upset with the Plaintiff prior to their encounter in light of prior irate communications between them and had knowledge of Defendant's temperament by virtue of their prior irate interactions. Plaintiff was aware of and could appreciate the risk of approaching the Defendant in a hostile and aggressive manner in the circumstances. In spite of this knowledge, Plaintiff confronted Defendant in a hostile and aggressive manner at Defendant's home and initiated the alleged physical altercation. In doing so, Plaintiff assumed the risks inherent in the situation, and Defendant did not owe a duty to protect Plaintiff from the dangers created by Plaintiff's negligence. Therefore, Plaintiff cannot recover for injuries caused either by risks inherent in the situation or by dangers created by his own or Defendant's negligence.

**9. Subjective Knowledge and Appreciation of Danger**

Plaintiff knowingly entered upon Defendant's property without invitation or justification. At that time, Plaintiff was aware that Defendant was already highly upset with the Plaintiff prior

to their encounter in light of prior irate communications between them and had knowledge of Defendant's temperament by virtue of their prior irate interactions. Plaintiff had knowledge of and appreciated the danger of his actions, yet proceeded anyways to confront Defendant in a hostile and aggressive manner at Defendant's home and initiate a alleged physical altercation. Therefore, Plaintiff is not entitled to collect any damages for the injuries he knowingly exposed himself to.

**10. Trespass**

Plaintiff was aware of the bounds of Defendant's property/land by virtue of their relationship as neighbors. Plaintiff entered onto Defendant's property/land without invitation in a hostile and aggressive manner to confront Defendant. Plaintiff knew or had reason to know that he was not welcome on the Defendant's property by virtue of their irate prior communications and interactions. In spite of this, Plaintiff entered onto Defendant's land. Therefore, Defendant did not owe a duty of care to the Plaintiff for any injuries sustained as a result of his trespassing.

As a result of these defenses and any others that may come to light during the course of litigation, Plaintiff's adversary complaint should be dismissed, Plaintiff's claim denied, and Defendant-Debtor should receive a full discharge of the Plaintiff's claims against him.

                                              Respectfully Submitted,

                                              Dragan Micic

                                              <u>s/ Anthony J. Peraica</u>

Anthony J. Peraica, ARDC#6186661
Anthony J. Peraica & Associates, Ltd.
5130 S. Archer Avenue
Chicago, Illinois 60632
(773) 735-1700
peraicalaw@aol.com