# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>DRAGAN MICIC,<br><br>                              Debtor. | Chapter 7<br>Bankruptcy No. 19-10717<br>Honorable Judge Jack B. Schmetterer |
| TOMASZ MARKUT,<br><br>                              Plaintiff,<br><br>v.<br><br>DRAGAN MICIC,<br><br>                              Defendant. | Adversary No. 19-00887 |

## MEMORANDUM OPINION ON
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 50]

Debtor-Defendant Dragan Micic ("Defendant") seeks summary judgment against Plaintiff Tomasz Markut ("Plaintiff"). For reasons that follow, Defendant's Motion for Summary Judgment (the "Motion") will be **DENIED** by separate order to be entered concurrently herewith.

## UNCONTESTED FACTS

The facts set forth below are derived from the statements of fact submitted by the parties to the extent they comport with Local Bankruptcy Rule 7056. Other documents submitted by the parties in this case were considered, when relevant, and judicial notice of this docket and the underlying bankruptcy docket is hereby taken.[1]

Plaintiff is a creditor in Defendant's underlying bankruptcy and an individual who resides in Cook County, Illinois. Defendant is also an individual who resides in Cook County, Illinois. On or about December 11, 2017, Plaintiff filed a lawsuit in the Circuit Court of Cook County, Illinois against Defendant (hereinafter the "State Court Action") for claims sounding in, *inter alia*, negligence, breach of contract, and intentional tort arising out of an alleged physical

---

[1] The record includes pleadings filed in this proceeding and the underlying bankruptcy, and pleadings of the state court litigation included as exhibits to briefs. *See In re Salgado*, 588 B.R. 209, 214 (Bankr. N.D. Ill. 2018) (a court may take judicial notice of matters in its own records as well as records in the underlying bankruptcy case); *Spiegel v. Kim*, No. 18-2449, 2020 WL 1073071 (7th Cir. Mar. 6, 2020), *cert. denied sub nom. Spiegal v. Kim*, No. 20-121, 2020 WL 5883370 (U.S. Oct. 5, 2020) (courts may take judicial notice of state court public records).

1

altercation that took place between the parties on or about December 11, 2015. The State Court Action, still pending in the Circuit Court of Cook County, was stayed when Defendant filed for Chapter 7 bankruptcy on April 12, 2019.

On August 6, 2019, Plaintiff filed the present adversary complaint to determine dischargeability of a debt under 11 U.S.C. § 523(a)(6). Then, on August 9, 2019, in the bankruptcy, Plaintiff filed a motion to modify the discharge injunction "to resume prosecuting his state court cause of action for injuries sustained out of [Defendant's] negligent conduct."[2] Plaintiff stated in his motion to modify that "[he] will only prosecute the count arising out of [Defendant's] negligence, because, upon information and belief, damages for [Defendant's] negligent conduct maybe covered by [Defendant's] home insurance policy."[3]

On August 15, 2019, an order was entered modifying the discharge injunction (the "Discharge Modification Order") "to allow [Plaintiff] to resume his cause of action for negligence against [Defendant in the State Court Action] to establish [Defendant's] liability for negligence and to recover damages from [Defendant's] insurer to the extent of available insurance proceeds."[4]

On August 29, 2019, Defendant moved to dismiss the adversary proceeding. The motion to dismiss was denied on November 14, 2019, and Defendant filed its first Answer on November 29, 2019. A later amended Answer (the "Amended Answer") was filed on March 17, 2020. Now, Defendant has moved for summary judgment.

## JURISDICTION AND VENUE

Subject matter jurisdiction lies under 28 U.S.C. § 1334. The district court may refer bankruptcy proceedings to a bankruptcy judge under 28 U.S.C. § 157 and 28 U.S.C. § 1334, and this proceeding was thereby referred here by the District Court for the Northern District of Illinois. N.D. Ill. Internal Operating Procedure 15(a). Venue lies under 28 U.S.C. § 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

## DISCUSSION

### A. Standard for Summary Judgment

---

[2] *See* Bankr. No. 19-10717, Dkt. No. 32.
[3] *Id.*
[4] *See* Bankr. No. 19-10717, Dkt. No. 35.

2

"A motion for summary judgment is a contention that the material facts are undisputed and the movant is entitled to judgment as a matter of law." *Hotel 71 Mezz Lender LLC v. Nat'l Ret. Fund*, 778 F.3d 593, 601 (7th Cir. 2015); *see* Fed. R. Civ. P. 56(a) (made applicable to adversary proceedings by Fed. R. Bankr. P. 7056). The moving party seeking summary judgment has the initial burden to establish that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In ruling on a motion for summary judgment, courts must construe all admissible evidence in the light most favorable to the non-moving party. *Turner v. The Saloon, Ltd.*, 595 F.3d 679, 683 (7th Cir. 2010).

## B. Summary Judgment Is Not Appropriate on Any Ground

### a. Subject Matter Jurisdiction

Defendant first argues that summary judgment is appropriate as Plaintiff cannot establish a debt and this Court lacks subject matter jurisdiction to adjudicate the adversary. This argument is without merit and will not be considered, as this issue was previously ruled on in the prior Memorandum Opinion denying Defendant's motion to dismiss. [*See* Dkt. No. 16]. But seeing as it need be restated due to Defendant's renewed arguments in this Motion, as ruled on in the Memorandum Opinion, the fact that Plaintiff's debt remains unliquidated does not prevent it from being a valid debt. Further noted in that Memorandum Opinion is the holding that while a bankruptcy court does not have the subject matter jurisdiction to liquidate or try the personal injury claim, this Court *does* have jurisdiction to determine whether Plaintiff's claim is non-dischargeable. *See e.g.*, *In re Passialis*, 292 B.R. 346, 348 (Bankr. N.D. Ill. 2003). Should any of the parties want to determine the merits of or liquidate the claim, they may forthwith move to withdraw the district court's reference of this matter. *See* 28 U.S.C. § 157(d). But, since neither party has done so, including Defendant who has so far voluntarily chosen to not withdraw the action, summary judgment is inappropriate on Defendant's repeated, unfounded arguments.

### b. Law of the Case Doctrine

Defendant next argues that summary judgment is appropriate under the law of the case doctrine, given that this Court modified the discharge order to allow Plaintiff to resume his cause of action for negligence against the Debtor in the State Court Action. Defendant points to the fact that Plaintiff, in seeking to modify the discharge injunction, stated that he would only prosecute

3

the count arising out of Defendant's negligence should relief be granted. Accordingly, Plaintiff argues that the law of the case precludes Plaintiff from "changing directions and prosecuting claims that he has already advised the Court that he will not pursue in the state court action (namely, any claim other than his negligence claim)." [Dkt. No. 50, at 8].

As no ruling was ever made on any of the issues implicated in this adversary proceeding, summary judgment is denied on this ground. Law of the case doctrine describes a rule of practice that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 816 (1988) (citing *Arizona v. California*, 460 U.S. 605, 618 (1983)). "[L]aw of the case only applies where a court actually decided the issue in question." *Universal Guar. Life Ins. Co. v. Coughlin*, 481 F.3d 458, 462 (7th Cir. 2007). Therefore, "[c]onversely, if a question has not been previously decided, the law of the case doctrine has no role to play." *Nucap Indus., Inc. v. Robert Bosch LLC*, 273 F. Supp. 3d 986, 1002 (N.D. Ill. 2017).

While the Discharge Modification Order involved the same parties and the same case, the issue previously argued and ruled in in Discharge Modification Order was whether Plaintiff was entitled to a modification of the discharge order to allow him to resume his cause of action for negligence against Defendant in the State Court Action only to establish liability for negligence and to recover damages from Debtor's insurer to the extent of available insurance proceeds. This ruling was made pursuant to Illinois law, which prohibits direct actions against insurers; instead, plaintiffs must first obtain judgments against defendants personally as a prerequisite to recovering from insurers. *See In re Shondel*, 950 F.2d 1301, 1308 (7th Cir., 1991).

In contrast, the current issue to be ruled on is whether Plaintiff is entitled to a determination of nondischargeability for an alleged willful and malicious action. Therefore, the prior ruling resulting in the Discharge Modification Order has no bearing with the current matter. Accordingly, because Defendant cannot point to any prior ruling justifying the law of the case doctrine, summary judgment is denied.

### c. Estoppel

Defendant's next argument is that Plaintiff's claims of willful and malicious injury should be equitably estopped. In so arguing, Defendant claims, based on Plaintiff's representations that Plaintiff was only seeking to pursue the negligence claim in the State Court

Action when Plaintiff sought to modify the discharge injunction, Defendant relied on that representation and changed positions based upon that representation to its detriment.

Summary judgment is not appropriate. A question is raised as to whether this doctrine should even be applied in this case. The applicability of judicial estoppel is "intended to 'induce debtors to be truthful in their bankruptcy filings.'" *Spaine v. Cmty. Contacts, Inc.*, 756 F.3d 542, 547 (7th Cir. 2014) (quoting *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006)). "Courts do not apply judicial estoppel for the benefit of the defendant but try to protect courts and creditors from deception and manipulation." *Id.* Here, Defendant seeks judicial estoppel not to protect this Court nor other Creditors, but rather himself. This fact therefore suggests, given that "[j]udicial estoppel is a matter of equitable judgment and discretion," it may not be appropriate for this Court to apply it here. *In re Knight-Celotex, LLC*, 695 F.3d 714, 721 (7th Cir. 2012).

Even if so applicable, there are issues with Defendant's judicial estoppel argument. Judicial estoppel "is designed to prevent parties from obtaining an unfair advantage by taking a present position that is inconsistent with one successfully taken in the past." *Massuda v. Panda Exp., Inc.*, 759 F.3d 779, 783 (7th Cir. 2014). While the doctrine of judicial estoppel "is 'not reducible to any general formulation of principle,' though the inquiry is typically informed by several factors." *Grochocinski v. Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 795 (7th Cir. 2013) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001)). Generally, three important factors for consideration of the doctrine include whether "a party's later position must be clearly inconsistent with its earlier position . . . [whether] the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or second court was misled . . . and [whether] that the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *Knight-Celotex*, 695 F.3d at 721–22 (internal quotations omitted).

Because Defendant has brought a motion for summary judgment, he must demonstrate an absence of genuine issues of material fact, with all reasonable inferences drawn in favor of the Plaintiff. *Celotex*, 477 U.S. at 323. Here, Defendant has not provided facts demonstrating that Plaintiff's seeking of nondischargeability is a position that is "clearly inconsistent" with its earlier position when it sought discharge modification relief. Rather, as Plaintiff argues,

5

Plaintiff's positions are not clearly inconsistent. Plaintiff argues that it secured an order modifying the discharge injunction to attempt to recover against Defendant's homeowner's insurance policy. Given that the insurance policy only covers bodily injury claims arising out of negligent conduct, Plaintiff sought to modify the discharge injunction to that count alone and has never alleged that no intentional tort had occurred nor that he would not proceed under an alternative theory of recovery directly against Defendant. Furthermore, while Defendant has claimed that Plaintiff will derive any unfair advantage or imposed an unfair detriment on Defendant if not estopped, he has been unable to point to any facts demonstrating thereto. As noted above, it is clearly established law in this circuit that a creditor is entitled to recover against a discharged debtor's insurer. *Shondel*, 950 F.2d at 1308.

At this stage where reasonable inferences are to be drawn against Defendant rather than in its favor, and where a question exists as to whether judicial estoppel should be applied here, Defendant is not entitled to summary judgment.

### d. Election of Remedies

Defendant further contends that Plaintiff's willful and malicious injury claims are barred by election of remedies. As stated by the Seventh Circuit:

> An "election" of remedies is the adoption of one of two or more co-existing remedies, with the effect of precluding a resort to the others. However, the preclusion of other remedies occurs only if the remedies elected are inconsistent. In Illinois, for one proceeding to act as a bar to another, so far as remedies are concerned, the remedies must proceed from opposite and irreconcilable claims of right and must be so inconsistent that a party could not logically assume to follow one without renouncing the other. More recent Illinois cases, however, seem to favor a less abstract approach to the application of the election of remedies doctrine; these cases apply the doctrine primarily on an estoppel basis to situations in which double compensation for the plaintiff is actually threatened.

*Matter of Witte*, 841 F.2d 804, 807 n.4 (7th Cir. 1988) (internal quotations and citations omitted).

> The so-called "inconsistency of remedies" is not an inconsistency between the remedies themselves, for this may often happen when the same facts are relied upon as the basis of the several alternative remedies; but it means that a certain state of facts relied upon as the basis of a certain remedy is inconsistent with and repugnant to another certain state of facts relied upon as the basis of another remedy....

*Medcom Holding Co. v. Baxter Travenol Labs., Inc.*, 984 F.2d 223, 228 (7th Cir. 1993) (quoting *Abdallah v. Abdallah*, 5 V.I. 507, 516 (3d Cir. 1966)). For example, courts have held that the

doctrine apply to bar plaintiffs who seek both damages (thereby, affirming a contract) alongside rescission (disaffirming a contract). *See id.*

Here, Defendant has not met his burden proving that Plaintiff is seeking multiple remedies. Plaintiff is seeking the same one remedy, damages, for his injuries, regardless of whether the wrongful act was due to negligence or due to willful and malicious behavior. Nor has Defendant demonstrated that double compensation is actually threatened. No state court judgment under the negligence count in the State Court Action has been disclosed.

Furthermore, Defendant has not proven the "estoppel theory" of election of remedies, which "applies in cases of alternative pleading only where the opposing party has substantially altered his position in reliance on the plaintiff's choice." *Gironda v. Paulsen*, 238 Ill. App. 3d 1081, 1084, 605 N.E.2d 1089, 1091 (1992). A simple change in position is not sufficient; the "change of position is material . . . if it is such that in all the circumstances a shift in remedies would be unjust." *Kel-Keef Enterprises, Inc. v. Quality Components Corp.*, 316 Ill. App. 3d 998, 1010, 738 N.E.2d 524, 532 (2000) (internal quotations omitted). Though Defendant claims it has shifted its position, Defendant has not provided any facts thereto. Furthermore, nor has Defendant demonstrated that any such shift in position would be unjust, as Plaintiff's pursuit of its negligence claim against Defendant's insurance is an undeniable right. *Shondel*, 950 F.2d at 1308.

### e. Waiver

Finally, Defendant seeks summary judgment on the basis of waiver, the "voluntary and intentional relinquishment of a known right, privilege, or claim." *In re Clark Retail Enterprises, Inc.*, 308 B.R. 869, 892 (Bankr. N.D. Ill. 2004). In regard to implied waiver, it is required that the intention to waive the claim be "plainly inferred from the circumstances and that the waiving party make a "clear, unequivocal, and decisive act" indicating such waiver." *Id.*

Here, Defendant claims that Plaintiff's willful and malicious injury claims were unequivocally waived when Plaintiff sought to pursue the negligence cause of action, given that he stated in his Motion to Modify the Discharge Injunction that "[he] will only prosecute the count arising out of [Defendant's] negligence, because, upon information and belief, damages for [Defendant's] negligent conduct maybe covered by [Defendant's] home insurance policy." [*See* Dkt. No. 32]. In interpreting this representation, Defendant concludes with the implication that Plaintiff asserted his waiver of any claims other than negligence.

7

Again, Defendant has not met his burden of proof demonstrating such a fact. As explained above, under the standard for a summary judgment motion, reasonable inferences are to be drawn against the movant. *Golla v. Office of Chief Judge of Cook Cty., Ill.*, 875 F.3d 404, 407 (7th Cir. 2017). Here, with no facts demonstrating that Plaintiff's representations in his Motion to Modify the Discharge Injunction was a clear waiver of his willful and malicious injury, and with all reasonable inferences drawn against Defendant, summary judgment is not appropriate.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment will be **DENIED** by separate order entered concurrently herewith. Unless, if, and until this matter is withdrawn by any party to the district court, this proceeding will continue and a status conference will be set to select new trial dates.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this ___ day of December 2020