# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>DRAGAN MICIC,<br><br>Debtor. | Chapter 7<br><br>Bankruptcy No. 19-10717<br><br>Honorable Judge Jack B. Schmetterer |
| TOMASZ MARKUT,<br><br>Plaintiff,<br><br>v.<br><br>DRAGAN MICIC,<br><br>Defendant. | Adversary No. 19-00887 |

## FINAL PRE-TRIAL ORDER FOR VIDEO TRIAL

This matter is set for trial on <u>April 27, 2021 at 1:30p.m.</u>, with Plaintiff given two (2) trial hours and Defendant given two (2) trial hours. In accordance with General Order No. 20-5, the trial will be held remotely by videoconference using the Zoom for Government videoconferencing platform. No participants will be physically present in the courtroom. The COVID-19 public health emergency constitutes good cause in compelling circumstances for holding the trial remotely by conference. Zoom for Government and this Order provide appropriate safeguards. Unless modified by the court, the provisions of this Order will govern the course of proceedings:

1. **Participation by Video.**
    a. **Connecting to Zoom.** Before the trial date, chambers staff will provide a link or URL (internet address) to counsel for each party that will allow participation in the trial. Counsel for each party are responsible for sharing that link with their witnesses, and witnesses are not to contact chambers. To participate, an attorney or witness must click on the link (paste the URL into the computer's browser and hit "Enter") and then follow the instructions.
    b. **Required Equipment.** Zoom permits access to the video portion via computer and access to the audio portion via either computer or telephone.

i. **Video.** To use the video portion of Zoom, each attorney and witness must have a computer equipped with: (a) a camera capable of sending and receiving video using Zoom; (b) Internet browsing software that will accommodate Zoom; (c) a stable Internet connection and bandwidth sufficient to support Zoom; and (d) Adobe Acrobat Reader for the purpose of reviewing exhibits. It is not necessary to download and install Zoom software.
   ii. **Audio.** To use the audio portion of Zoom, each attorney must have either: (a) a computer equipped with a microphone and speakers; or (b) a telephone. If the telephone is a cellular phone, the attorney or witness must be in a location with service adequate to provide clear audio.
  c. **Witness Testimony.** All witnesses will be placed under oath, and their testimony will have the same effect as if they were testifying in open court. Each witness must testify from a quiet room. Witnesses must situate themselves so that other participants can see them, and the witnesses can see the video. While a witness is under oath and testifying, no person may be in the same room, the witness may have no documents in the room except exhibits the parties have submitted, and the witness may not communicate in any fashion with anyone other than the questioning attorney and the judge. If the witness and the witness's attorney need to communicate, the attorney must request a recess.
  d. **Subpoenas to Third-Party Witnesses.** Each subpoena to a third-party witness must state the following in the box for the "Place" to appear: "The trial will be conducted remotely by videoconference in accordance with the attached Pretrial Order." A copy of the Pretrial Order must be attached to the subpoena and served on the witness.

2. **Technical Final Pre-Trial Conference.** On <u>March 30, 2021 at 11:30 a.m.</u>, the Court will hold a technical pre-trial conference to test the video technology. All parties and witnesses (except third-party witnesses) must participate. All participants are admonished not to discuss the substance of the trial at the pre-trial conference and instead limit their comments to the functioning of the video technology and related procedural matters.

3. **Admissions.** All well pleaded facts admitted in the pleadings are admitted into evidence, unless objections are filed to relevance or prejudice at least 14 calendar days prior to trial.

4. **Stipulation of Facts.** To the extent reasonably possible, the parties will stipulate in writing to facts and documents, and their said stipulation is admitted into evidence. Copies of stipulated documents should be appended thereto. A joint stipulation of the facts must be filed on the docket at least 14 calendar days prior to trial.

5. **Exhibits and Exhibit Lists.**
    a. **Exhibits.** At least 21 days prior to the trial date, each party must file on the docket, provide to each other, and provide to each witness a copy of each exhibit the party may use at trial for any purpose. Each exhibit must be provided electronically as a separate pdf (Adobe Acrobat) file. Attorneys are responsible for ensuring that each pdf file can be opened successfully. Each exhibit must be clearly and sequentially numbered in the order of its probable presentation at trial. Each document must have a separate exhibit number. A physical copy of the exhibits, clearly numbered, tabbed, and contained in a binder, must be delivered to chambers.
    b. **Exhibit Lists.** At least 21 days prior to the trial date, each party must also file and provide to each other a list of the party's exhibits. The Exhibit Lists must be filed as a separate docket entry. The Exhibit Lists shall include a very brief identification of each exhibit.
    c. **Objections.** If there is any objection to any exhibit so listed and exchanged, each objection must be stated in writing and filed and served 14 calendar days before trial. If no written objection is made to the Court and copy of the objection served on the proponent by that date, such exhibits will be received in evidence without any further authentication or hearing as to relevance or any other issue. If objections are filed, only those express objections filed will be considered and all other possible objections are deemed waived.

d. **Deposition Transcripts.** If deposition transcripts are to be offered, portions offered by each party will be separately color-coded on the face thereof, and each portion objected to will be bracketed on the face thereof by an objector's color code, so that the Court may see the portions offered and objected to by each party merely by examining the transcript. If the whole transcript is to be offered without objection, then no markings will be made. However, in that event, the proponent will also tender an abstract of the deposition.

6. **Witnesses and Witness Lists.** At least 21 days prior to the trial date, the parties are to exchange and file with the Court lists of the names and all witnesses they intend to present at trial, together with a brief summary of each separate area of testimony said each such witness will present.
   a. **Expert and Rule 701 Witnesses.** If any parties are to use expert witnesses or lay witnesses to testify under Federal Evidence Rule 701 at trial, those witnesses should be identified on the witness lists provided hereinabove and their written reports and opinions identified on the exhibit lists provided hereinabove. If no such written reports or opinions exist, then at least 21 days prior to the trial date, the party offering such expert(s) or Rule 701 witness(es) shall for each such witness file and serve a statement of the subject matter on which such witness shall testify, the substance of the facts and opinions to which such witness is expected to testify, and a summary of grounds for each opinion.
   b. **Objections.** All reasonably anticipated objections to testimony and all motions to limit testimony of a witness identified by an opposing party shall be filed at least 14 calendar days prior to the trial date.

7. **Findings of Fact and Conclusions of Law.** At least 7 days prior to the trial date, each party shall file with the Court and serve on opposing parties proposed detailed Findings of Fact and Conclusions of Law. Proposed Conclusions of Law must cite authority and must at the outset state this Court's jurisdiction. A trial brief may be filed with the proposed Findings and Conclusions if desired, but the filing of such brief will not excuse the filing of draft proposed Findings and Conclusions. Any party not filing proposed

Conclusions of Law or a brief may be found to have waived legal issues not thereby presented. Any party not filing proposed Findings of Fact may be found to have withdrawn any dispute as to fact findings proposed by the other side.

8. **Courtroom Formalities.** Though held remotely by videoconference, the trial constitutes a judicial proceeding. No one except the assigned court reporter or another person that the court directs may record the audio or video of the trial. Formalities of a courtroom will be observed. Participants must dress appropriately and must conduct themselves in a suitable manner.

9. **Sanctions for Non-Compliance.** Failure to comply with any portion of this Order will result in appropriate sanctions under Fed. R. Civ. P. 16 (made applicable by Fed. R. Bankr. P. 7016) unless non-compliance is excused for good cause.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated: **06 JAN 2021**