IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Case No. 19-10717 |
|    The matter of DRAGAN MICIC, | ) ) | Chapter 7 |
|    Debtor. | ) | |
| | ) ) | Adversary Proceeding No. 19-887 |
| | ) | |
| TOMASZ MARKUT, | ) | Honorable Jack B. Schmetterer |
|    Plaintiff, | ) | Courtroom 682 |
| | ) | |
| v. | ) ) ) | |
| | ) | |
| DRAGAN MICIC, | ) | |
|    Defendant. | ) | |

**DEBTOR-DEFENDANT'S *MOTIONS IN LIMINE* AND OBJECTIONS TO PLAINTIFF'S WITNESSES**

NOW COMES Defendant-Debtor DRAGAN MICIC, by and through his attorneys, Anthony J. Peraica & Associates, Ltd., and pursuant to this Court's January 6, 2021 Final Pre-Trial Order for Video Trial [Dkt. No. 77], hereby submits his *motions in limine* and objections to Plaintiff TOMASZ MARKUT's Witnesses as follows:

**I.      INTRODUCTION**

    **A.      Procedural Posture**

On or about December 11, 2017, Plaintiff Tomasz Markut filed a lawsuit in the Circuit Court of Cook County against the Debtor Dragan Micic for claims sounding in, *inter alia*, negligence, breach of contract, and intentional tort arising out of an alleged physical altercation on or about December 11, 2015 (See Ex. A to Plaintiff's Adversary Complaint, Dkt. No. 1-1) (hereinafter "state court action").

1

On April 12, 2019, Debtor Dragan Micic filed for Chapter 7 bankruptcy (BK Case No. 19-10717, Dkt. No. 1). On August 7, 2019, Debtor Dragan Micic was discharged in bankruptcy and the order was entered on August 9, 2019 (BK Case No. 19-10717, Dkt. No. 31).

On August 15, 2019, upon motion by Plaintiff, this Court modified the order of discharge to allow Plaintiff to resume his cause of action for negligence against Debtor to establish liability for negligence and to recover damages from Debtor's insurer. (BK Case No. 19-10717, Dkt. No. 35). The state court action is still pending in the Circuit Court of Cook County.

On August 6, 2019, Plaintiff Tomasz Markut filed this action to determine dischargability of a debt under 11 U.S.C. § 523(a)(6) for willful and malicious injury (Dkt. No. 1).

### B.    Required Elements

Section 523 provides:

(a) A discharge under section 727 … of this title does not discharge an individual debtor from any debt—...

(6) for willful and malicious injury caused by the debtor to another entity or to the property of another entity ...

In order to be entitled to a determination of non-dischargeability under § 523(a)(6), Plaintiff must prove three elements: (1) that the Debtor intended to and caused an injury; (2) that the Debtor's actions were willful; and (3) that the Debtor's actions were malicious. *In re Passialis*, 292 B.R. 346, 352 (Bankr. N.D. Ill. 2003).

"Willful" for purposes of § 523(a)(6) means intent to cause injury, and thus Plaintiff must prove that the Debtor actually intended to harm him, not merely that the Debtor acted intentionally and the act led to an injury. *Id*. at 352-53 (citing *Kawaauhau v. Geiger*, 523 U.S. 57, 61-62 (1998)). Injuries either negligently or recklessly inflicted do not come within the scope of § 523(a)(6). *Id*. at 353.

2

"Malicious" means "in conscious disregard of one's duties or without just cause or excuse...." *In re Thirtyacre*, 36 F.3d 697, 700 (7th Cir.1994). The test for maliciousness under § 523(a)(6) is (1) a wrongful act, (2) done intentionally, (3) which causes injury to the creditor, and (4) is done without just cause and excuse. *In re Passialis*, 292 B.R. 346, 353 (Bankr. N.D. Ill. 2003).

### C.  Burden of Proof

The party seeking to establish an exception to the discharge of a debt bears the burden of proof. *In re Passialis*, 292 B.R. 346, 352 (Bankr. N.D. Ill. 2003) (citations omitted). The burden of proof required to establish an exception to discharge is a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291 (1991). To further the policy of providing a debtor a fresh start in bankruptcy, "exceptions to discharge are to be construed strictly against a creditor and liberally in favor of a debtor." *In re Passialis*, 292 B.R. 346, 352 (Bankr. N.D. Ill. 2003) (citations omitted).

### D.  Subject-Matter Jurisdiction

This Court has now twice held that this Court has jurisdiction to determine whether Plaintiff's claim, and any judgment entered in the state court action thereon, is nondischargeable. Dkt. Nos. 16 at p. 5 and 75 at p. 3. This Court has further now twice held that it does not have subject-matter jurisdiction to try, determine the merits of, or liquidate Plaintiff's personal injury claim. *Id*. (citing *In re Passialis*, 292 B.R. 346, 348 (Bankr. N.D. Ill. 2003)); see also 28 U.S.C. § 157(b)(5) ("The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.").

## II.     *MOTIONS IN LIMINE* AND OBJECTIONS

Under Rule 9017 of the Federal Rules of Bankruptcy Procedure, the Federal Rules of Evidence apply in cases under the code.

### A.     Tomasz Markut

Plaintiff has indicated that he will testify regarding, *inter alia*, a "battery," his damages, loss of a normal life, pain and suffering, and medical expenses incurred. See Plaintiff's Witness List, Dkt. No. 98.

Debtor objects to testimony from Plaintiff Markut regarding other alleged claims and their composite elements beyond those at issue in this case—namely, whether (1) willful and (2) malicious injury was (3) caused by the debtor and thus is a nondischargable debt under 11 U.S.C. § 523(a)(6). Evidence offered to prove elements of any other claims (e.g. assault, battery, negligence, or breach of contract under state law) other than the three above are of no consequence in this action to determine dischargeability and invites the Court to exceed its subject-matter jurisdiction by determining the merits of Plaintiff's personal injury claims (see section I.D., above). Accordingly, such evidence is irrelevant and inadmissible under Fed. R. Evid. 401 and 402, and must be excluded at trial. Further, even if such evidence were relevant (it is not), its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the factfinder, and wasting time, and thus should be excluded at trial under Fed. R. Evid. 403.

Debtor objects to testimony from Plaintiff Markut regarding the extent of his alleged injuries and the amount of his damages. As noted in section I.B., above, damages are not a requisite element of the determination of dischargeability at issue in this case, and thus are irrelevant and inadmissible under Fed. R. Evid. 401 and 402. Further, even if such evidence were

4

relevant (it is not), its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the factfinder, and wasting time, and thus should be excluded at trial under Fed. R. Evid. 403. Additionally, to the extent Plaintiff may offer his own lay testimony concerning medical or dental diagnoses and related treatment contained in Plaintiff's Exhibits E through L, he is neither qualified to do so nor has he been identified as such pursuant to this Court's January 6, 2021 Final Pre-Trial Order for Video Trial [Dkt. No. 77, section 6], and such testimony must be excluded under Fed. R. Evid. 701 and 702.

Debtor further has reason to believe that Plaintiff may attempt to present testimony that Debtor made an offer to pay Plaintiff's medical expenses. This evidence is not admissible under Federal Rules of Evidence because such evidence is irrelevant to the determination of dischargeability (Fed. R. Evid. 401 and 402), unfairly prejudicial (Fed. R. Evid. 403), and inadmissible to prove liability under Fed. R. Evid. 409. Such evidence must be excluded at trial.

### B.    Tina Nikolayevich

Plaintiff has indicated that he will present his neighbor, Tina Nikolayevich, to testify regarding, *inter alia*, "usual abnormal Defendant's behavior" and that Debtor "disliked" Plaintiff prior to the incident. See Plaintiff's Witness List, Dkt. No. 98.

Debtor objects to testimony from Tina Nikolayevich regarding "usual abnormal Defendant's behavior" (whatever that means). Debtor suspects that such testimony would concern Debtor's character or character traits to prove that, on the occasion in question, Debtor acted in accordance with such character or character trait. Rule 404(a)(1) of the Federal Rules of Evidence prohibits such testimony. The Advisory Committee Notes to the 2006 Amendments to the Federal Rules of Evidence states Rule 404 "has been amended to clarify that in a civil case

evidence of a person's character *is never admissible* to prove that the person acted in conformity with the character trait" (emphasis added). Such evidence must be excluded.

While it is unclear on what basis Tina Nikolayevich would testify as to Debtor's alleged "dislike" of Plaintiff, Debtor objects to such testimony to the extent it is based on Debtor's character (Fed. R. Evid. 404), hearsay (Fed. R. Evid. 801 and 802), and unfair prejudice (Fed. R. Evid. 403). Furthermore, such testimony is irrelevant to whether, on the occasion in question, Debtor intended to cause injury to Plaintiff under Fed. R. Evid. 401 and 402. Such testimony must be excluded.

.

WHEREFORE, for the reasons set forth above, Debtor respectfully requests that this Court limit and exclude the above evidence at trial.

                                                                      Respectfully Submitted,

                                                                      \s\ Anthony J. Peraica
                                                                       Anthony J. Peraica

**ANTHONY J. PERAICA & ASSOCIATES, LTD.**
ARDC NO. 6186661
5130 S. ARCHER AVE.
CHICAGO, ILLINOIS 60632
TEL: 773.735.1700
FAX: 773.585.3035
SUPPORT@PERAICA.COM

## CERTIFICATE OF SERVICE AND COMPLIANCE

I hereby certify that on April 13, 2021, I presented the foregoing to the Clerk of Court for filing and uploading to the CM/ECF system, which shall send notification of such filing to all attorneys of record.

\s\ Anthony J. Peraica
Anthony J. Peraica

**ANTHONY J. PERAICA & ASSOCIATES, LTD.**
ARDC NO. 6186661
5130 S. ARCHER AVE.
CHICAGO, ILLINOIS 60632
TEL: 773.735.1700
FAX: 773.585.3035
SUPPORT@PERAICA.COM