**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) ) | Case No. 19-10717 |
|    The matter of DRAGAN MICIC, | ) ) | Chapter 7 |
|    Debtor. | ) | |
| | ) ) | Adversary Proceeding No. 19-887 |
| | ) | |
| TOMASZ MARKUT, | ) | Honorable Jack B. Schmetterer |
|    Plaintiff, | ) | Courtroom 682 |
| | ) | |
| v. | ) ) ) | |
| | ) | |
| DRAGAN MICIC, | ) | |
|    Defendant. | ) | |

**DEBTOR-DEFENDANT'S *MOTIONS IN LIMINE* AND OBJECTIONS TO
PLAINTIFF'S EXHIBITS**

NOW COMES Defendant-Debtor DRAGAN MICIC, by and through his attorneys, Anthony J. Peraica & Associates, Ltd., and pursuant to this Court's January 6, 2021 Final Pre-Trial Order for Video Trial [Dkt. No. 77], hereby submits his *motions in limine* and objections to Plaintiff TOMASZ MARKUT's Exhibits as follows:

**I.    INTRODUCTION**

**A.    Procedural Posture**

On or about December 11, 2017, Plaintiff Tomasz Markut filed a lawsuit in the Circuit Court of Cook County against the Debtor Dragan Micic for claims sounding in, *inter alia*, negligence, breach of contract, and intentional tort arising out of an alleged physical altercation on or about December 11, 2015 (See Ex. A to Plaintiff's Adversary Complaint, Dkt. No. 1-1) (hereinafter "state court action").

On April 12, 2019, Debtor Dragan Micic filed for Chapter 7 bankruptcy (BK Case No. 19-10717, Dkt. No. 1). On August 7, 2019, Debtor Dragan Micic was discharged in bankruptcy and the order was entered on August 9, 2019 (BK Case No. 19-10717, Dkt. No. 31).

On August 15, 2019, upon motion by Plaintiff, this Court modified the order of discharge to allow Plaintiff to resume his cause of action for negligence against Debtor to establish liability for negligence and to recover damages from Debtor's insurer. (BK Case No. 19-10717, Dkt. No. 35). The state court action is still pending in the Circuit Court of Cook County.

On August 6, 2019, Plaintiff Tomasz Markut filed this action to determine dischargability of a debt under 11 U.S.C. § 523(a)(6) for willful and malicious injury (Dkt. No. 1).

### B.     Required Elements

Section 523 provides:

(a) A discharge under section 727 … of this title does not discharge an individual debtor from any debt—...

(6) for willful and malicious injury caused by the debtor to another entity or to the property of another entity ...

In order to be entitled to a determination of non-dischargeability under § 523(a)(6), Plaintiff must prove three elements: (1) that the Debtor intended to and caused an injury; (2) that the Debtor's actions were willful; and (3) that the Debtor's actions were malicious. *In re Passialis*, 292 B.R. 346, 352 (Bankr. N.D. Ill. 2003).

"Willful" for purposes of § 523(a)(6) means intent to cause injury, and thus Plaintiff must prove that the Debtor actually intended to harm him, not merely that the Debtor acted intentionally and the act led to an injury. *Id*. at 352-53 (citing *Kawaauhau v. Geiger*, 523 U.S. 57, 61-62 (1998)). Injuries either negligently or recklessly inflicted do not come within the scope of § 523(a)(6). *Id*. at 353.

2

"Malicious" means "in conscious disregard of one's duties or without just cause or excuse...." *In re Thirtyacre*, 36 F.3d 697, 700 (7th Cir.1994). The test for maliciousness under § 523(a)(6) is (1) a wrongful act, (2) done intentionally, (3) which causes injury to the creditor, and (4) is done without just cause and excuse. *In re Passialis*, 292 B.R. 346, 353 (Bankr. N.D. Ill. 2003).

### C.    Burden of Proof

The party seeking to establish an exception to the discharge of a debt bears the burden of proof. *In re Passialis*, 292 B.R. 346, 352 (Bankr. N.D. Ill. 2003) (citations omitted). The burden of proof required to establish an exception to discharge is a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291 (1991). To further the policy of providing a debtor a fresh start in bankruptcy, "exceptions to discharge are to be construed strictly against a creditor and liberally in favor of a debtor." *In re Passialis*, 292 B.R. 346, 352 (Bankr. N.D. Ill. 2003) (citations omitted).

### D.    Subject-Matter Jurisdiction

This Court has now twice held that this Court has jurisdiction to determine whether Plaintiff's claim, and any judgment entered in the state court action thereon, is nondischargeable. Dkt. Nos. 16 at p. 5 and 75 at p. 3. This Court has further now twice held that it does not have subject-matter jurisdiction to try, determine the merits of, or liquidate Plaintiff's personal injury claim. *Id.* (citing *In re Passialis*, 292 B.R. 346, 348 (Bankr. N.D. Ill. 2003)); see also 28 U.S.C. § 157(b)(5) ("The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.").

## II.    *MOTIONS IN LIMINE* AND OBJECTIONS

Under Rule 9017 of the Federal Rules of Bankruptcy Procedure, the Federal Rules of Evidence apply in cases under the code.

### A.    Exhibit A – Text Message

Defendant objects to the admission of Exhibit A, a screen shot of a text message, into evidence at trial absent foundational testimony from a witness with personal knowledge as to relevance.

### B.    Exhibits B and C – Scene photos and map

Defendant objects to the admission of Exhibits B and C, a screen shot of a text message, into evidence at trial absent foundational testimony from a witness with personal knowledge as to relevance.

### C.    Exhibit D – Photographs

Defendant objects to the admission of Exhibit D, photographs, into evidence at trial absent foundational testimony from a witness with personal knowledge as to relevance.

### D.    Exhibits E through L – Medical Bills/Records

Defendant objects to the admission of Exhibits E through L, medical records and bills, into evidence at trial absent foundational testimony from a witness with personal knowledge as to relevance. Plaintiff further objects to testimony regarding medical diagnoses and other testimony that would require specialized medical knowledge from a Rule 702 witness.

### E.    Deposition of Dragan Micic

Defendant objects to the admission of the transcript of the Deposition of Dragan Micic for any purpose other than impeachment. Plaintiff has not tendered an abstract of the deposition

pursuant to this Court's January 6, 2021 Final Pre-Trial Order for Video Trial [Dkt. No. 77, section 5.d.], and Debtor reserves all objections made during the deposition.

### F. Caselaw – Ogden v. Claycomb

Defendant objects to the admission of case law submitted by Plaintiff. This is not evidence and is more appropriate for a trial brief. Plaintiff further objects to the relevance under Fed. R. Evid. 401 and 402 and confusion of the issues under Fed. R. Evid. 403 as the case relates to battery, whereas the instant case is an adversary proceeding for the determination of dischargability. See section I.B. and I.D., above.
.

WHEREFORE, for the reasons set forth above, Debtor respectfully requests that this Court limit and exclude the above evidence at trial.

                                                                          Respectfully Submitted,

                                                                       \s\ Anthony J. Peraica
                                                                       Anthony J. Peraica

**ANTHONY J. PERAICA & ASSOCIATES, LTD.**
ARDC NO. 6186661
5130 S. ARCHER AVE.
CHICAGO, ILLINOIS 60632
TEL: 773.735.1700
FAX: 773.585.3035
SUPPORT@PERAICA.COM

### CERTIFICATE OF SERVICE AND COMPLIANCE

I hereby certify that on April 13, 2021, I presented the foregoing to the Clerk of Court for filing and uploading to the CM/ECF system, which shall send notification of such filing to all attorneys of record.

                              \s\ Anthony J. Peraica
                              Anthony J. Peraica

**ANTHONY J. PERAICA & ASSOCIATES, LTD.**
ARDC NO. 6186661
5130 S. ARCHER AVE.
CHICAGO, ILLINOIS 60632
TEL: 773.735.1700
FAX: 773.585.3035
SUPPORT@PERAICA.COM