**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: ) ) | Case No. 19-10717 | |
|    The matter of DRAGAN MICIC, ) ) | Chapter 7 | |
|       Debtor. ) | | |
| ) ) | Adversary Proceeding No. 19-887 | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ ) | | |
| TOMASZ MARKUT, ) | Honorable Jack B. Schmetterer | |
|       Plaintiff, ) | Courtroom 682 | |
| ) | | |
| v. ) ) ) | | |
| ) | | |
| DRAGAN MICIC, ) | | |
|       Defendant. ) | | |

## <u>DEBTOR-DEFENDANT'S TRIAL BRIEF</u>

NOW COMES Defendant-Debtor DRAGAN MICIC, by and through his attorneys, Anthony J. Peraica & Associates, Ltd., and pursuant to this Court's January 6, 2021 Final Pre-Trial Order for Video Trial [Dkt. No. 77], hereby submits his trial brief as follows:

**A.**     **Procedural Posture**

On or about December 11, 2017, Plaintiff Tomasz Markut filed a lawsuit in the Circuit Court of Cook County against the Debtor Dragan Micic for claims sounding in, *inter alia*, negligence, breach of contract, and intentional tort arising out of an alleged physical altercation on or about December 11, 2015 (See Ex. A to Plaintiff's Adversary Complaint, Dkt. No. 1-1) (hereinafter "state court action").

On April 12, 2019, Debtor Dragan Micic filed for Chapter 7 bankruptcy (BK Case No. 19-10717, Dkt. No. 1). On August 7, 2019, Debtor Dragan Micic was discharged in bankruptcy and the order was entered on August 9, 2019 (BK Case No. 19-10717, Dkt. No. 31).

On August 15, 2019, upon motion by Plaintiff, this Court modified the order of discharge to allow Plaintiff to resume his cause of action for negligence against Debtor to establish liability

1

for negligence and to recover damages from Debtor's insurer. (BK Case No. 19-10717, Dkt. No. 35). The state court action is still pending in the Circuit Court of Cook County.

On August 6, 2019, Plaintiff Tomasz Markut filed this action to determine dischargability of a debt under 11 U.S.C. § 523(a)(6) for willful and malicious injury (Dkt. No. 1).

### B.     Subject-Matter Jurisdiction

This Court has twice held that it has jurisdiction to determine whether Plaintiff's claim, and any judgment entered in the state court action thereon, is non-dischargeable. Dkt. Nos. 16 at p. 5 and 75 at p. 3. This Court has further twice held that it does not have subject-matter jurisdiction to try, determine the merits of, or liquidate Plaintiff's personal injury claim. *Id*. (citing *In re Passialis*, 292 B.R. 346, 348 (Bankr. N.D. Ill. 2003)); see also 28 U.S.C. § 157(b)(5) ("The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending."). This Court's findings of fact and conclusions of law must be limited accordingly.

### C.     Claims and Defenses

Section 523 provides:

> (a) A discharge under section 727 … of this title does not discharge an individual debtor from any debt—...
>
> (6) for willful and malicious injury caused by the debtor to another entity or to the property of another entity ...

In order to be entitled to a determination of non-dischargeability under § 523(a)(6), Plaintiff must prove three elements: (1) that the Debtor intended to and caused an injury; (2) that the Debtor's actions were willful; and (3) that the Debtor's actions were malicious. *In re Passialis*, 292 B.R. 346, 352 (Bankr. N.D. Ill. 2003). The willful and malicious standard is

stringent, and both elements must be satisfied to be entitled to a determination of non-dischargeability. *In re Rizzo*, 337 B.R. 180, 188 (Bankr. N.D. Ill. 2006).

"Willful" for purposes of § 523(a)(6) means intent to cause injury, and thus Plaintiff must prove that the Debtor actually intended to harm him, not merely that the Debtor acted intentionally and the act led to an injury. *Id*. at 352-53 (citing *Kawaauhau v. Geiger*, 523 U.S. 57, 61-62 (1998)). Injuries either negligently or recklessly inflicted do not come within the scope of § 523(a)(6). *Id*. at 353. The requisite intent can be established through a showing of a debtor's subjective intent to injure the creditor or a showing of a debtor's subjective knowledge that injury is substantially certain to result from his acts. *In re Basel-Johnson*, 366 B.R. 831, 849 (Bankr. N.D. Ill. 2007).

"Malicious" means "in conscious disregard of one's duties or without just cause or excuse...." *In re Thirtyacre*, 36 F.3d 697, 700 (7th Cir.1994). The test for maliciousness under § 523(a)(6) is (1) a wrongful act, (2) done intentionally, (3) which causes injury to the creditor, and (4) is done without just cause and excuse. *In re Passialis*, 292 B.R. 346, 353 (Bankr. N.D. Ill. 2003). Self-defense can constitute a justifiable excuse for a defendant's actions and negate a claim of malice. *In re Mathews*, 433 B.R. 732, 735 (Bankr. E.D. Wis. 2010); *In re Taylor*, 322 B.R. 306, 309 (Bankr. N.D. Ohio 2004).

In Illinois, a defendant who raises a claim of self-defense must show: (1) force had been threatened against him; (2) he was not the aggressor; (3) the danger of harm was imminent; (4) the force threatened against him was unlawful; (5) he had an actual belief that (a) a danger existed, (b) force was necessary to avert the danger, and (c) the amount of force used was necessary; and (6), his belief was reasonable. *Thompson v. Petit*, 294 Ill. App. 3d 1029, 1035 (1st Dist. 1998). A defendant may also use reasonably necessary force to protect his's personal

property, *Spelina v. Sporry*, 279 Ill. App. 376 (1st Dist. 1935), real property, *Shea v. Cassidy*, 257 Ill. App. 557 (1st Dist. 1930), or to eject a trespasser or intruder, *Abt v. Burgheim*, 80 Ill. 92 (1875).

    **D.**    **Burden of Proof**

The party seeking to establish an exception to the discharge of a debt bears the burden of proof. *In re Passialis*, 292 B.R. 346, 352 (Bankr. N.D. Ill. 2003) (citations omitted). The burden of proof required to establish an exception to discharge is a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291 (1991). To further the policy of providing a debtor a fresh start in bankruptcy, "exceptions to discharge are to be construed strictly against a creditor and liberally in favor of a debtor." *In re Passialis*, 292 B.R. 346, 352 (Bankr. N.D. Ill. 2003) (citations omitted).

    **E.**    **Plaintiff Cannot Prove Every Element of His Claim.**

As noted above, the willful and malicious standard is stringent, and all elements of both willfulness and maliciousness must be proven by a preponderance of evidence by Plaintiff for this Court to make a determination that the alleged debt is non-dischargeable. Debtor-Defendant disputes that he caused Plaintiff injury and that the contact between them was intentional by Defendant-Debtor, but crucially Plaintiff will not be able to present evidence that Defendant-Debtor intended to cause injury. There is simply no evidence of an intent to cause injury, such as a preceding threat or an unrelenting attack. At worst, Defendant-Debtor's conduct was negligent or reckless, but this does not satisfy the "willful" element.

    **F.**    **Defendant Will Prove His Affirmative Defenses, and Negate the Maliciousness Element.**

As noted above, the maliciousness element may be negated where a defendant-debtor has just cause and excuse for his acts. Here, Defendant-Debtor will testify as to Plaintiff's

threatening arm gestures, close approach, and angry words as he entered onto Defendant-Debtor's property uninvited. Defendant-Debtor will testify that, in these circumstances, he believed harm to himself and his property were imminent and that reasonable force was required to protect his person, protect his property, and eject the trespassing Plaintiff. With the maliciousness element negated, Plaintiff is not entitled to a determination of non-dischargeability.

                                                      Respectfully Submitted,

                                                      \s\ Anthony J. Peraica
                                                      Anthony J. Peraica

**ANTHONY J. PERAICA & ASSOCIATES, LTD.**
ARDC NO. 6186661
5130 S. ARCHER AVE.
CHICAGO, ILLINOIS 60632
TEL: 773.735.1700
FAX: 773.585.3035
SUPPORT@PERAICA.COM

## CERTIFICATE OF SERVICE AND COMPLIANCE

I hereby certify that on April 20, 2021, I presented the foregoing to the Clerk of Court for filing and uploading to the CM/ECF system, which shall send notification of such filing to all attorneys of record.

\s\ Anthony J. Peraica  
Anthony J. Peraica

**ANTHONY J. PERAICA & ASSOCIATES, LTD.**
ARDC NO. 6186661
5130 S. ARCHER AVE.
CHICAGO, ILLINOIS 60632
TEL: 773.735.1700
FAX: 773.585.3035
SUPPORT@PERAICA.COM