IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Case No. 19-10717 |
|    The matter of DRAGAN MICIC, | ) ) | Chapter 7 |
|    Debtor. | ) | |
| | ) ) | Adversary Proceeding No. 19-887 |
| | ) | |
| TOMASZ MARKUT, | ) | Honorable Jack B. Schmetterer |
|    Plaintiff, | ) | Courtroom 682 |
| | ) | |
| v. | ) ) ) | |
| | ) | |
| DRAGAN MICIC, | ) | |
|    Defendant. | ) | |

## DEBTOR-DEFENDANT'S RESPONSE TO PLAINTFF'S MOTION *IN LIMINE*

NOW COMES Defendant-Debtor DRAGAN MICIC, by and through his attorneys, Anthony J. Peraica & Associates, Ltd., and in responding to Plaintiff's Motion *in Limine* [Dkt. No. 102], states as follows:

1. This is an action by Plaintiff for a determination of non-dischargeability under 11 U.S.C. § 523(a)(6) for willful and malicious injury.

2. In order to be entitled to a determination of non-dischargeability under § 523(a)(6), Plaintiff must prove three elements: (1) that the Debtor intended to and caused an injury; (2) that the Debtor's actions were willful; and (3) that the Debtor's actions were malicious. *In re Passialis*, 292 B.R. 346, 352 (Bankr. N.D. Ill. 2003). The willful and malicious standard is stringent, and both elements must be satisfied to be entitled to a determination of non-dischargeability. *In re Rizzo*, 337 B.R. 180, 188 (Bankr. N.D. Ill. 2006).

3. "Willful" for purposes of § 523(a)(6) means intent to cause injury, and thus Plaintiff must prove that the Debtor actually intended to harm him, not merely that the Debtor acted intentionally and the act led to an injury. *Id*. at 352-53 (citing *Kawaauhau v. Geiger*, 523

1

U.S. 57, 61-62 (1998)). Injuries either negligently or recklessly inflicted do not come within the scope of § 523(a)(6). *Id*. at 353. The requisite intent can be established through a showing of a debtor's subjective intent to injure the creditor or a showing of a debtor's subjective knowledge that injury is substantially certain to result from his acts. *In re Basel-Johnson*, 366 B.R. 831, 849 (Bankr. N.D. Ill. 2007).

4. "Malicious" means "in conscious disregard of one's duties or without just cause or excuse...." *In re Thirtyacre*, 36 F.3d 697, 700 (7th Cir.1994). The test for maliciousness under § 523(a)(6) is (1) a wrongful act, (2) done intentionally, (3) which causes injury to the creditor, and (4) is done without just cause and excuse. *In re Passialis*, 292 B.R. 346, 353 (Bankr. N.D. Ill. 2003).

5. In Illinois, a defendant can use reasonably necessary force in defense of self, *Thompson v. Petit*, 294 Ill. App. 3d 1029, 1035 (1st Dist. 1998), or to protect one's personal property, *Spelina v. Sporry*, 279 Ill. App. 376 (1st Dist. 1935), real property, *Shea v. Cassidy*, 257 Ill. App. 557 (1st Dist. 1930), or to eject a trespasser or intruder, *Abt v. Burgheim*, 80 Ill. 92 (1875). These affirmative defenses can constitute a justifiable excuse for a defendant's actions and negate a claim of malice. *In re Mathews*, 433 B.R. 732, 735 (Bankr. E.D. Wis. 2010); *In re Taylor*, 322 B.R. 306, 309 (Bankr. N.D. Ohio 2004).

6. Defendant-Debtor's First Amended Answer includes affirmative defenses for Self Defense of a Person, Defense of a Dwelling, Contributory Negligence, Assumption of Risk, Subjective Knowledge and Appreciation of Danger, and Trespass. [Dkt. No. 36]

7. Plaintiff's motion *in limine* asks this Court to limit any testimony or argument related to Defendant-Debtor's affirmative defenses. The crux of Plaintiff's argument seems to be that Defendant-Debtor cannot prove any of his affirmative defenses at trial as there is no genuine

2

issue of material fact as to any of them, citing to cherry-picked portions of Mr. Micic's deposition.

8. Plaintiff's "motion *in limine*" is a motion for summary judgment, asking this Court to decide as a matter of law that evidence of Defendant-Debtor's affirmative defenses cannot be presented at trial. In doing so, Plaintiff attempts to circumvent Rule 7056 of the Federal Rules of Bankruptcy Procedure, which requires that "any motion for summary judgment must be made at least 30 days before the initial date set for an evidentiary hearing on any issue for which summary judgment is sought." Plaintiff's "motion *in limine*" was filed on April 8, 2021, only 19 days before trial, and is therefore untimely.

9. As to the substance of Plaintiff's motion, it wholly ignores objections made to the questions cited and contrary testimony.

10. Debtor-Defendant's counsel made numerous objections throughout the deposition to mischaracterization of prior testimony, and particularly Plaintiff's counsel's repeated use of the phrase "open fist," which Plaintiff's counsel himself interjected. See Dep. of Micic, Exhibit A to Plaintiff's Motion, 64:2-16:

> Q. Did your -- you -- you said that you felt your arms. What did you feel?
>
> A. His body on my hands once he came close to me.
>
> Q. Okay. Did you have an open fist or a closed fist?
>
> A. Open fist.
>
> Q. Okay. Did your open fist make contact with his face in any way, shape, or form?
>
> MR. DIPASQUALE: Objection to the word "fist." Open hand? I -- I don't know what hand you're referring to?
>
> Q. Please answer my question.

A. No. Open hand, if I can say so.

11. Additionally, Defendant-Debtor testified to numerous facts which Plaintiff's motion conveniently omits which support Defendant-Debtor's affirmative defenses:

   a. Some time before 8:00 a.m., Micic called Markut and asked if Markut could move his car so Micic could move his van closer to his residence and load his work tools easier. (38:23-39:7; 40:7-13)

   b. In response, Markut asked Micic if Micic was "in rehab," then hung up. (37:16-38:1)

   c. Micic attempted to reach Markut by phone several more times that morning to ask if he could move his car, but Markut did not answer (51:18-53:14)

   d. At about 8:04 a.m., Micic sent a text message to Markut which stated "Move your fucking car." (33:24-24:3)

   e. Five to ten minutes afterward, Micic saw Markut on the sidewalk in front of the house between their residences traveling from Markut's residence toward Markut's car as Micic exited his residence through his front door in order to move his work van. (55:6-11; 84:5-8; 88:3-17)

   f. Micic made it about 2 or 3 feet from the last step of the stairs in front of his house onto the walkway leading to the street and stopped. (56:1-7)

   g. Micic asked Markut why Markut asked if Micic was in rehab in the earlier phone call, which began an argument between them. (48:22-24)

   h. During the argument, Markut was waving both of his arms left, right, up, and down. (92:2-23)

   i. Markut then left the sidewalk and approached the walkway between Micic's residence and the street, onto Micic's property where Micic was standing. (57:10-12; 127:16-128:14)

   j. Markut moved his body into close proximity of Micic as Micic continued to stand still 2 or 3 feet in front of his front stairs on his walkway and they continued to speak. (59:5-9; 72:1-8)

   k. Based on the volume of Markut's voice, the words he was saying, the way he was moving his arms, and the way he came toward Micic after the argument began, Micic felt like Markut was angry with him. (124:2-125:9; 132:2-8)

4

    l. Micic felt like he was in danger of being hurt based on Markut's conduct and proximity. (125:10-126:1)

    m. As Markut continued to approach, Micic put his open hands and arms in front of him, with his elbows at a 45-degree angle (118:7-16)

    n. Micic put his open hands and arms in front of him because Markut continued to approach Micic threateningly and Micic wanted to protect and defend himself (66:20-67:2; 85:18-86:4; 90:21-91:16; 93:18-20; 104:9-20) and believed it was necessary to protect himself (126:5-11)

    o. Markut and Micic's bodies then came into contact with each other (59:10-17), with Markut's upper body making contact with Micic's outstretched, open hands (63:17-64:8; 65:15-23)

    p. Markut turned away from Micic after the contact, went to his vehicle, and drove away. (103:20-22; 143:6-9)

    q. Micic did not observe any injury to Markut. (106:16-21; 129:2-7)

    r. Micic denies shoving or head-butting Markut, or intending any physical contact with or harm to him, on the morning of December 11, 2015. (43:22-44:5; 119:3-8; 126:13-127:6; 128:21-24)

.    12.    The above testimony is all relevant to Defendant-Debtor's defenses and disproving necessary elements of Plaintiff's case here, in that Defendant-Debtor testified that Plaintiff entered onto his property uninvited; that Plaintiff approached Defendant-Debtor very closely and in an aggressive and hostile manner; that Defendant-Debtor believed that danger of harm was imminent and use of force (in this case, outstretching his arms) was necessary to avert the danger; and that Defendant-Debtor did not intend any physical contact or harm to Plaintiff.

    13.    In sum, Plaintiff's motion is an untimely one for summary judgment on Defendant-Debtor's affirmative defenses, Defendant-Debtor's affirmative defenses are relevant to the crucial "willful" and "malicious" elements of the determination of non-dischargeability under 11 U.S.C. § 523(a)(6), the portions of the deposition transcript cited to by Plaintiff in support of his motion were objected to for the reasons stated in the transcript, and Defendant-

Debtor testified at his deposition to facts supportive of his defenses which Plaintiff wholly omits from his motion.

WHEREFORE, for the reasons set forth above, Debtor respectfully requests that this Court deny Plaintiff's Motion *in Limine*.

Respectfully Submitted,

\s\ Anthony J. Peraica
Anthony J. Peraica

**ANTHONY J. PERAICA & ASSOCIATES, LTD.**
ARDC NO. 6186661
5130 S. ARCHER AVE.
CHICAGO, ILLINOIS 60632
TEL: 773.735.1700
FAX: 773.585.3035
SUPPORT@PERAICA.COM

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 20, 2021, I presented the foregoing to the Clerk of Court for filing and uploading to the CM/ECF system, which shall send notification of such filing to all attorneys of record.

\s\ Anthony J. Peraica
Anthony J. Peraica

**ANTHONY J. PERAICA & ASSOCIATES, LTD.**
ARDC NO. 6186661
5130 S. ARCHER AVE.
CHICAGO, ILLINOIS 60632
TEL: 773.735.1700
FAX: 773.585.3035
SUPPORT@PERAICA.COM