# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: ) ) | | Case No. 19-10717 |
|    The matter of DRAGAN MICIC, ) ) | | Chapter 7 |
|    Debtor. ) | | |
| ) ) | | Adversary Proceeding No. 19-887 |
| ) | | |
| TOMASZ MARKUT, ) | | Honorable Jack B. Schmetterer |
|    Plaintiff, ) | | Courtroom 682 |
| ) | | |
| v. ) ) ) | | |
| ) | | |
| DRAGAN MICIC, ) | | |
|    Defendant. ) | | |

### **DEBTOR-DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTFF'S MOTION FOR RECONSIDERATION**

NOW COMES Defendant-Debtor DRAGAN MICIC, by and through his attorneys, Anthony J. Peraica & Associates, Ltd., and in opposing Plaintiff's Motion for Reconsideration [Dkt. No. 122], states as follows:

**I.     INTRODUCTION**

Plaintiff Tomasz Markut filed this action to determine dischargeability of a debt under 11 U.S.C. § 523(a)(6) for willful and malicious injury (Dkt. No. 1). The party seeking to establish an exception to the discharge of a debt bears the burden of proof. *In re Passialis*, 292 B.R. 346, 352 (Bankr. N.D. Ill. 2003) (citations omitted). To further the policy of providing a debtor a fresh start in bankruptcy, "exceptions to discharge are to be construed strictly against a creditor and liberally in favor of a debtor." *In re Passialis*, 292 B.R. 346, 352 (Bankr. N.D. Ill. 2003) (citations omitted).

1

## II.     PLAINTIFF'S EXHIBITS SHOULD REMAIN BARRED

This Court's January 6, 2021 Final Pre-Trial Order for Video Trial [Dkt. No. 79] directs that "[a]t least 21 days prior to the trial date, each party must file on the docket, provide to each other, and provide to each witness a copy of each exhibit the party may use at trial for any purpose. . . . A physical copy of the exhibits, clearly numbered, tabbed, and contained in a binder, must be delivered to chambers." *Id.* at section 5.a., pg. 3. Plaintiff complied with the beginning of this section by timely filing his exhibit list and exhibits [see Dkt. Nos. 85-99], but not the end. This was despite the Court's courtesy reminder by email on April 19, 2021 that "in accordance with the pretrial order, counsel for the parties are to submit to chambers a copy of the exhibits and witness list(s) bound and tabbed accordingly no later than Tuesday (April 20th) morning."

According to Plaintiff's motion, "binding was planned for the afternoon of April 21, 2021" [Dkt. No. 122, ¶6]—but Plaintiff offers no explanation for why exhibits filed over two weeks prior were not "planned" to be bound at an earlier date, or how Plaintiff's "planned" date of binding happened to fall immediately after this Court issued its April 21, 2021 order barring use of exhibits at trial [Dkt. No. 118]. Instead, Plaintiff's counsel states that the Court did not explicitly provide a due date for delivering a physical copy of exhibits and that his legal assistant did not "catch" the Court's courtesy reminder on April 19, 2021[1].

This Court's Order [Dkt. No. 118] should not be vacated in these circumstances, Plaintiff's exhibits should remain barred at trial, and Plaintiff's Motion should be denied.

---

[1] It should further be noted that Plaintiff is represented by **three** attorneys in this case, each of whom were copied to the reminder email.

2

### III. PLAINTIFF OFFERS NO EXCUSE FOR FAILING TO FILE HIS PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff's Motion fails to offer any explanation or excuse for his failure to file proposed findings of fact and conclusions of law, and as of that time of filing this memorandum has not tendered any to the Court for consideration. The Court's January 6, 2021 Final Pre-Trial Order for Video Trial [Dkt. No. 79, section 7] is clear:

> "At least 7 days prior to the trial date, each party shall file with the Court and serve on opposing parties detailed Findings of Fact and Conclusions of Law. . . . Any party not filing proposed Conclusions of Law or a brief may be found to have waived legal issues not thereby presented. Any party not filing proposed Findings of Fact may be found to have withdrawn any dispute as to fact findings proposed by the other side."

This Court's Order [Dkt. No. 118] bars Plaintiff from now submitting proposed findings of fact and conclusions of law. This Court should further find that, given Plaintiff's lack of excuse for failing to timely file the same, Plaintiff has waived any legal issues not presented by proposed Conclusions of Law and withdrawn any dispute as to proposed Findings of Fact timely filed by Debtor-Defendant. As such, Plaintiff should be barred from presenting legal arguments not contained in Defendant-Debtor's proposed Conclusions of Law [Dkt. No. 114], and barred from presenting any testimony or evidence contrary to Defendant-Debtor's proposed Findings of Fact [Dkt. No. 112].

### IV. CONCLUSION

This Court should not vacate its April 21, 2021 Order [Dkt. No. 118]. Plaintiff's excuse for failing to tender physical copies of his exhibits strains credulity. Plaintiff offers no excuse whatsoever for failing to file proposed findings of fact or conclusions of law, and this Court should find that Plaintiff has waived any legal issues not presented by proposed Conclusions of Law and withdrawn any dispute as to proposed Findings of Fact timely filed by Debtor-

Defendant. Without timely presenting his exhibits to the Court, and without proposing any findings of fact or conclusions of law to counter those submitted by Defendant-Debtor, Plaintiff cannot possibly meet his burden of proof. Accordingly, this case should be dismissed.

WHEREFORE, for the reasons set forth above, Defendant-Debtor respectfully requests that this Court deny Plaintiff's Motion for Reconsideration and dismiss the instant case.

Respectfully Submitted,

\s\ Anthony J. Peraica
Anthony J. Peraica

**ANTHONY J. PERAICA & ASSOCIATES, LTD.**
ARDC NO. 6186661
5130 S. ARCHER AVE.
CHICAGO, ILLINOIS 60632
TEL: 773.735.1700
FAX: 773.585.3035
SUPPORT@PERAICA.COM

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2021, I presented the foregoing to the Clerk of Court for filing and uploading to the CM/ECF system, which shall send notification of such filing to all attorneys of record.

\s\ Anthony J. Peraica
Anthony J. Peraica

**ANTHONY J. PERAICA & ASSOCIATES, LTD.**
ARDC NO. 6186661
5130 S. ARCHER AVE.
CHICAGO, ILLINOIS 60632
TEL: 773.735.1700
FAX: 773.585.3035
SUPPORT@PERAICA.COM