IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re:<br>    The Matter of DRAGAN MICIC,<br>    Debtor.<br>_____<br><br>TOMASZ MARKUT,<br>    Plaintiff,<br><br>v.<br><br>DRAGAN MICIC,<br>    Defendant. | Case No. 19-10717<br>Chapter 7<br><br>Adversary Proceeding No. 19-887<br><br>Honorable Jack B. Schmetterer<br>Courtroom 682 |

**PLAINTIFF'S REPLY TO DEFENDANT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Plaintiff, TOMASZ MARKUT ("Mr. Markut"), submits his Reply to Defendant's Proposed Findings of Fact and Conclusions of Law following the April 27, May 4, and May 5, 2021, bench trial on Plaintiff's Amended Complaint and urges this court to follow Plaintiff's Conclusions of Law, Fact and proposed order.

**I.    THIS COURT HAS JURISDICTION TO ADJUDICATE PLAINTIFF'S CLAIMS FOR ASSAULT OR BATTERY PURSUANT TO 28 U.S.C.S. § 157**

Defendant's assertion that the court does not have subject-matter jurisdiction to try, determine the merits of, or liquidate Plaintiff's personal injury claims, contains matters already resolved by this court. *See Defendant's Proposed Findings of Fact and Conclusions of Law*, *Pg. 9*. This issue has been previously decided on two separate occasions. This Court denied Defendant's Motion to Dismiss based on this Court's lack of subject matter jurisdiction to adjudicate the adversary. This Court has already addressed and ruled on this issue:

> "Defendant acknowledges that bankruptcy courts have subject matter jurisdiction to determine whether a debt is nondischargeable. But, in the Reply, Defendant challenges the bankruptcy court's authority to determine the merits of, or to liquidate, the personal injury claim in this case. Defendant argues that subject matter jurisdiction is withheld

1

from bankruptcy courts to liquidate personal injury and wrongful death claims. See 28 U.S.C. § 157(b)(5) ("The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.") *Exhibit A, Memorandum Opinion Denying Def's Motion to Dismiss; Dkt. No. 16.*

This Court again denied Defendant's Motion for Summary Judgment as it was previously rule on in the prior Memorandum Opinion in denying Defendant's Motion to Dismiss. *Exhibit B, Memorandum Opinion on Defendant's Motion for Summary Judgment; Dkt. No. 50.* Further, *In re Passialis,* 292 B.R. 346, 349 (Bankr. N. D. Ill. 2003), the Defendant's chief position for its erroneous claim that this Court cannot adjudicate the Plaintiff's claims, clearly holds that this Court has subject matter jurisdiction to determine whether the Plaintiff's claim is dischargeable, pursuant to 28 U.S.C.S. § 157. Based on this Court's previous orders and the plain language of *In re Passialis*, this Court does have jurisdiction as the Defendant has not moved to withdraw the district court's reference of this matter and for such, Defendant's argument for lack of subject matter jurisdiction in inappropriate, repetitive, and unfounded.

II. **PLAINTIFF'S CONSISTENT TESTIMONY SHOWS CLEAR BURDEN OF PROOF ESTABLISHED TO DISCHARGE DEBT; DEFENDANT "UNSURE" IF HEAD CAME INTO CONTACT WITH PLAINTIFF**

The Defendant first asserts the Plaintiff's testimony is inconsistent for a myriad of irrelevant and ill contrived reasons about which none of the merits of this case rest upon. The Defendant's first contention, that because of some discomfort from overhearing some aggression at a summer neighborhood barbecue the Plaintiff is unreasonable for exchanging pleasantries, is not rooted in logic nor relevancy to the merits of this case. *Bankruptcy Trial Transcript, Tr. 35:5-13.* The Defendant's other assertion that it is peculiar that the Plaintiff did not do anything to mitigate the potential harm from the Defendant before coming out of his home is contradicted by the Plaintiff telling his daughter to wait inside and then quickly, after the altercation, leaving

the scene to pick up his daughter at a side street. *Tr. 83:13-14; Tr. 85:4-6; Tr. 92:13-14; Tr. 97:7-12*. Further, the Defendant's testimony is the one for which more scrutiny should be given as the Defendant said he was, "not 100 percent sure as to whether or not [his] face hit [Markut]." Specifically, Defendant stated: "What I said is that I wasn't sure." On the final day of trial, he was still not sure if his face hit the Plaintiff. *Tr. 181:7-14*. The Defendant struck the Plaintiff with such force that he had three fractured teeth, a broken nose, and required reconstructive surgery. *Tr. 88:16-18; Tr. 89:9-10. Tr. 107:1-2*. Here, the Plaintiff has proven and shown the massive damage sustained at the hands of the Defendant, while the Defendant cannot recall if his head made contact with the Plaintiff or not.

Defendant incorrectly claims that because evidence satisfies the elements of his self-defense claim, the element of malice required under the non-dischargeablity test, is not satisfied. *See Defendant's Proposed Findings of Fact and Conclusions of Law*, *Pg. 14*. This is incorrect. Further it is clear that Judge Schmettter found at trial that there is no self- defense. Plaintiff has satisfactorily met all three elements of the non-dischargeability test. Pursuant to 11 U.S.C. §523(a)(6), the plaintiff must prove, by a preponderance of the evidence, that: (1) the Debtor intended to and caused an injury; (2) the Debtor's actions were willful; and (3) the Debtor's actions were malicious. *In re Stelbrink*, 331 B.R. 790, 793 (2005). Although it is true that self-defense may constitute a justifiable excuse for a defendant's actions and negate a claim of malice, that is not the case in this matter. *In re Matthews*, 433 B.R. 732, 735 (Bankr. E.D. Wis. 2010). The established facts at trial show the Defendant intended to cause injury when he shoved the Plaintiff. Subsequently, Defendant intended to cause injury when he proceeded to strike Mr. Markut in the face breaking his bones and teeth. *Tr. 88:10-11*. At all relevant times, Defendant's actions were willful because they intended to cause injury. Defendant demanded the Plaintiff move his car while calling him numerous times early in the morning. *Tr. 52:7-9, 147:5-22,*

*150:12-16*. On December 11, 2015, at 8:04 a.m. the Defendant texted the Plaintiff "move your fucking car." *Stip. of Fact ¶13; Tr. 59:14-16, Tr. 150:22-23*. The Defendant shouted profanities and briskly walked toward the Plaintiff on sight. *Tr. 86:9-18, 156:12-15*. The Defendant had a red face, clenched fists, and flexed muscles. *Tr. 86:13-14, 21-22, 25, 87:1-2*. Moreover, Defendant's acts were malicious in that there was no just reason to shove the Plaintiff. *Tr. 88:10-11*. No just cause or excuse to follow up with a crushing strike to the Plaintiff's face. *Tr. 88:13-14*. Looking at the totality of the circumstances, Defendant intended to and succeeded in causing major injury to Mr. Markut. Defendant actions were willful as there was an intent to cause injury, not merely the commission of an intentional act that lead to injury. *Id.* Further, this Court cautioned the Defendant for asserting such a claim during the trial proceedings. Upon hearing the Defendant's attempt of use of self-defense at trial, the Honorable Judge Schmetterer stated, "There's nothing in this case that warrants a self-defense defense to the attack that we have heard about." *Tr. 153:19-21*. Defendant's acts were malicious as they were without just cause or excuse and it is clearly evident from the facts as presented in the Plaintiff's Proposed Findings of Fact and Conclusions of law.

### III. DEFENDANT'S CLAIM OF SELF-DEFENSE HAS ALREADY BEEN RULED UPON.

Defendant's claim of self-defense is missing in its entirety and for such reasons does *not* negate the claim of malice. In order to assert a self-defense claim, the proponent must show: (1) force had been threatened against him; (2) he was not the aggressor; (3) the danger of harm was imminent; (4) the force threatened against him was unlawful; (5) he had an actual belief that (a) a danger existed, (b) force was necessary to avert the danger, and (c) the amount of force used was necessary; and (6) his belief was reasonable. *Thompson v. Petit*, 294 Ill.App.3d 1029, 1035 (1st Dist. 1998). The word, malicious, means in conscious disregard of one's duties or without just

4

cause or excuse. *Id.* It does not require ill-will or a specific intent to do harm. *Id.* These requirements are often inferred from the circumstances surrounding the injury. *In re Stelbrink* at 793. Defendant's actions completely fail under the self-defense test. First, there was no force threatened by Mr. Markut towards Defendant as he so claims. Mr. Markut was walking to *his* vehicle when Defendant approached *him. Tr. 85:8-11*. Defendant called Mr. Markut on numerous occasions and sent him a disgraceful text message. Stip. of Fact ¶13, *See Plaintiff's Trial Exhibit* A previously admitted into evidence. *Tr. 59:14-16, Tr.150-22-23*. Defendant left his home and approached Mr. Markut who was simply trying to get his daughter to school. *Id.* Defendant began shouting profanities at Mr. Markut and briskly walking towards him. *Tr. 86:9-18, 156:12-15*. Second, Defendant was the aggressor. Defendant left his house and approached Mr. Markut. *Tr. 85:8-11*. Defendant shoved Mr. Markut and then proceeded to head butt him. *Tr. 87:16-17; Tr. 88:10-11; Tr. 88:13-14*. At no point in time did Mr. Markut touch the Defendant. Stip. of Fact ¶20. Third, there was no danger of harm as Mr. Markut did not touch Defendant at any point in time. Fourth, as previously stated, there was no force threatened against Defendant, lawful or unlawful. Defendant claims Mr. Markut appeared "quite angry" and was waving his hand up and down, however, this quite the contrary. Defendant approached Mr. Markut while shouting profanities, with a red face, clenched fists and flexed muscles. *Tr. 86:13-14; Tr. 21-22, 25; Tr. 87:1-2*. Fifth, Defendant could not have possibly believed a danger existed and the force he used was necessary to avert the danger, as Defendant during cross examination states he never shoved or head butt Mr. Markut. Lastly, the belief he was in danger is in no way reasonable as Defendant was the initial aggressor and could have very well avoided any confrontation by staying in his home and or retreating after speaking with Mr. Markut. There is no reasonable direct causal relationship between Defendant's act and the avoidance of the threatened harm. Further, during trial as the Defendant was attempting to debut its self-defense argument, this

5

Court again cautioned on the relevancy of the items being brought up, "Counsel, I will allow you to flesh out your self-defense argument, which I don't understand at all, and anything with regard to the attack that we've had evidence about. Besides that, everything else is irrelevant." *Tr. 155:11-15.*

Defendant asserts self-defense as a justifiable excuse for his actions yet does not meet all six (6) elements of the self-defense test. The evidence does not satisfy the elements of Defendant's self-defense claim and for such reasons, the element of malice is satisfied under the non-dischargeability test.

### IV. DEFENDANT CITES INCORRECT STANDARD IN PROPOSED ORDER, ADDING INCORRECT REQUIREMENT OF NON-JUSTIFICATION

The Plaintiff has clearly laid out its burden of proof in its Proposed Findings of Fact and Conclusions of law. Pursuant to 11 U.S.C. §523(a)(6), the plaintiff must prove, by a preponderance of the evidence, that: (1) the Debtor intended to and caused an injury; (2) the Debtor's actions were willful; and (3) the Debtor's actions were malicious. *In re Stelbrink*, 331 B.R. 790, 793 (2005). Here, the Defendant's proposed order seeks to have this Court find by a preponderance of the evidence that, "(a) Defendant Debtor Micic intended to cause injury to Plaintiff Markut; (b) Defendant Debtor Micic acted willfully in causing injury to Plaintiff Markut; (c) **Defendant Debtor Micic's actions were not justified or excused by self-defense**; (d) Defendant Debtor Micic acted with malice." *See Exhibit C, Defendant's Proposed Order (emphasis added).* The Defendant's proposed findings on its order include the necessity of a finding that the Defendant actions were not justified or excused by self-defense despite no such requirement existing for the Plaintiff to prove by a preponderance of the evidence. *See In re Stelbrink, supra.* No such requirement is needed to be found in order for the Plaintiff to prevail in

overcoming the non-dischargability test, and Defendant's insertion creates an incorrect standard for this Court to decide upon.

## CONCLUSION

The Defendant's contentions against the Plaintiff's credibility nit-picks at irrelevancies which are easily disposed of, while the Defendant cannot remember if his head came into contact with the Plaintiff's. The Defendant's argument against this Court's subject matter jurisdiction is without statutory support and has already been adjudicated by this Court, twice. Finally, the Defendant inserts a finding requirement of this Court that is not within the non-discharability test as defined pursuant to 11 U.S.C. §523(a)(6) and *In re Stelbrink*. The Plaintiff has clearly showed that the Defendant intended to cause an injury to the Plaintiff, the Defendant's actions were wilfull and finally that the Defendant's actions were malicious. The Plaintiff's testimony is one that is shocking showing how screaming profanity and violence surrounding a parking space can result in broken teeth and reconstructive surgery. Accordingly, Plaintiff Markut respectfully requests this court to employ its proposed finds and conclusions of law, and its Proposed Order indicating that Plaintiff's complaints at law are not dischargeable.

Respectfully Submitted,

By: /s/ Robert P. Groszek
Robert Groszek

Robert P. Groszek
GROSZEK LAW FIRM
Attorney for Plaintiff
3601 North Pulaski Road
Chicago, Illinois 60641
Tel: (773) 267-6100
E-mail: info@groszeklaw.com
ARDC No. 6278818